**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK MACHNIEWICZ, individually and on behalf of all other similarly situated, <br><br>                  Plaintiff, <br><br>       vs <br><br> UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG), LIMITED, <br>                Defendants. | 19-cv-00822-MKB-VMS <br><br> Hon. Margo K. Brodie <br><br> Hon. Vera M. Scanlon |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019 <br><br> Hon. Andrew Borrok <br><br> Commercial Division Part 53 |

<u>**STIPULATION OF SETTLEMENT**</u>

This Stipulation of Settlement (the "Stipulation") in the action captioned *In re Uxin Limited. Securities Litigation,* Index No. 650427/2019 (Sup. Ct. N.Y.) (the "State Court Action"), pending before the Supreme Court of the State of New York, County of New York, Commercial Division (the "State Court") and in the action captioned *Machniewicz v. Uxin Limited, et al.*, No. 19-cv-822 (MKB) (VMS) (E.D.N.Y.) (the "Federal Court Action" and together with the State Court Action, the "Actions"), is entered into, through their respective counsel, by and between (a) Plaintiffs Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee(collectively, "the State Court Plaintiffs"); (b) Saleh Doron Gahtan and Daniel Chiu (collectively, the "Federal Court Plaintiffs," and collectively with the State Court Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); (c) Defendant Uxin Limited ("Uxin" or the "Company") and current of former officers or directors Kun Dai, Zhen Zeng, Rong Lu, Julian Cheng, Dou Shen and Hainan Tan (the "Individual Defendants," and collectively with Uxin, the "Uxin Defendants"); and (d) the underwriters of Uxin's July 27, 2018 initial public offering ("IPO"), specifically, Morgan Stanley & Co. International plc, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, China International Capital Corporation Hong Kong Securities Limited and Defendant China Renaissance Securities (Hong Kong) Limited (the "Underwriter Defendants" and collectively with the Uxin Defendants, the "Defendants").  The Stipulation is intended by Plaintiffs and Defendants (collectively, the "Parties") to fully, finally, and forever resolve, discharge, release and settle the Released Claims, as defined below, upon and subject to the terms and conditions hereof, and is submitted pursuant to Fed. R. Civ. P. 23(e) for approval by this Court.

## I.    SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

### 1.    Summary of Claims and the Complaints

Uxin is the largest used car e-commerce platform in China.  As of the IPO, the Company had two primary business segments: (i) Uxin used cars (known as "2C"), which provides

consumers with customized car recommendations, financing, title transfer, delivery, insurance, and other related services for used cars; and (ii) Uxin auction ("2B"), which facilitates online auctions for used cars.  Within the 2B business, Uxin further distinguished between used car sales to businesses ("B2B") and consumers ("C2B").  In the Actions, Plaintiffs allege three theories of liability against Defendants. First, Plaintiffs allege that the offering documents  failed to disclose that Uxin would stop providing inspections in its 2B business shortly after the IPO.  Second, Plaintiffs allege that numerous aspects of Uxin's financial and operational data reported by Uxin were materially inaccurate, including, among other things, that Uxin's revenue and revenue growth, transaction volume and vehicle inventory were overstated, and materially understating Uxin's debt, including by not reporting up to $3.6 billion of debt held by the Company's wholly owned subsidiary, The Kai Feng Finance Lease (Hangzhou) Co., Ltd.  Third, the Federal Court Plaintiffs also allege that the offering documents  misrepresented Uxin's business model; specifically, that Uxin did not just provide an online platform for used car transactions, but rather, also held its own inventory of used cars for sale.  As described below, the State Court Plaintiffs assert claims under the Securities Act of 1933 (the "Securities Act"), and the Federal Court Plaintiffs assert claims under both the Securities Act and the Securities Exchange Act of 1934 (the "Exchange Act.").  Defendants deny Plaintiffs' allegations.

On January 22, 2019, plaintiff Mark Lee filed a putative class action in the State Court against the Defendants alleging violations of Sections 11 and 15 of the Securities Act on behalf of all persons who purchased or otherwise acquired Uxin American Depository Shares ("ADSs" or "shares") pursuant or traceable to Uxin's Registration Statement and Prospectus issued in connection with Uxin's June 27, 2018 initial public offering ("IPO" or the "Offering").

Additional complaints were filed by State Court Plaintiffs Adam Franchi, Lei Liang and Paul Araujo between January 25 and 31, 2019, and a joint Amended Complaint was filed by Lee, Franchi, Liang and Araujo on March 21, 2019.   NYSCEF No. 8.   State Court Plaintiff Kyle Buckley then filed a complaint on April 30, 2019 alleging similar violations of the Securities Act as well as violations of Section 12(a)(2).

On July 7, 2019, the State Court granted certain parties' joint stipulation to consolidate the five pending cases and appointed Robbins Geller Rudman & Dowd LLP, Wolf Haldenstein Adler Freeman & Herz LLP, Glancy Prongay & Murray LLP and Hach Rose Schirripa & Cheverie LLP as interim co-lead counsel (collectively, "State Court Lead Counsel").   NYSCEF No. 23.   On August 5, 2019, the State Court Plaintiffs filed their Consolidated Amended Complaint (the "State Court Complaint"). NYSCEF No. 65.

On February 11, 2019, Plaintiff Patrick Machniewicz filed a putative class action complaint in the United States District Court for the Eastern District of New York (the "Federal Court") against the same Defendants which asserted claims under the Securities Act against the same Defendants named in the State Court Action.   *Machniewicz v. Uxin Limited, et al.*, No. 1:19-cv-0822-MKB-VMS (E.D.N.Y.).   On August 14, 2019, United States District Judge Brodie entered an order appointing Saleh Doron Gahtan ("Gahtan") as Lead Plaintiff, approving Gahtan's selection of The Rosen Law Firm, P.A. as Lead Counsel and approving the withdrawal of a pending lead plaintiff motion.[1]

On October 25, 2019, Gahtan and additional named plaintiff Daniel Chiu filed an amended complaint (the "Federal Court Complaint").   ECF No. 19.   The Federal Court Complaint asserts

---

[1] Lead Counsel and State Court Lead Counsel are collectively referred to herein as "Plaintiffs' Counsel."

claims under Sections 11, 12(a)(2) and 15 of the Securities Act against all Defendants and claims under Sections 10(b) and 20 of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against the Uxin Defendants.  The Federal Court Complaint was brought on behalf of all purchasers of Uxin ADSs from June 27, 2018 through April 15, 2019, inclusive.

### 2.    State Court Action Procedural History

On July 15, 2019, the State Court denied certain Defendants' motion to stay the State Court Action in favor of the later-filed Federal Court Action. *See Araujo v. Uxin Ltd.*, 2019 WL 3250017, at *1 (Sup. Ct. N.Y. Cty. July 15, 2019) (Borrok, J.).

On August 6, 2019, the State Court denied certain Defendants' motion to stay discovery in the State Court Action because there was no pending motion to dismiss the Complaint. NYSCEF No. 67. As certain Defendants' motion to dismiss the Complaint was immediately forthcoming, the State Court Plaintiffs, however, did not immediately seek discovery because of the State Court's decision in a concurrent action that the Private Securities Litigation Reform Act of 1995 precludes such discovery in New York state court. *See In re EverQuote, Inc. Sec. Litig.*, 65 Misc. 3d 226, 240 (Sup. Ct. N.Y. 2019) (Borrok, J.).

On March 9, 2020, the State Court partially denied certain Defendants' motion to dismiss the State Court Action, ordered certain Defendants to answer the State Court Complaint by April 8, 2020, and set a preliminary conference for April 13, 2020.  *Matter of Uxin Ltd. Sec. Litig.*, 2020 WL 1146636, at *11 (Sup. Ct. N.Y. Co. Mar. 9, 2020). Due to the impact of COVID-19, the conference was rescheduled to July 15, 2020.  Following the State Court's partial denial of the motion to dismiss the State Court Action, the parties also agreed to explore mediation, thus stipulating to discovery extensions as well as extension of time for certain Defendants to file their

answers.  NYSCEF No. 112. Certain Defendants filed their Answers on July 10, 2020. NYSCEF Nos. 116-17.

On March 12, 2020, certain Defendants filed a Notice of Appeal from the State Court's order partially denying their motion to dismiss the State Court Action, and on May 4, 2020, the State Court Plaintiffs filed a Notice of Cross-Appeal.  NYSCEF Nos. 100, 102.  Certain Defendants filed their Joint Brief and the record for the appeal on July 13, 2020; the State Court Plaintiffs filed their Joint Brief on August 12, 2020, certain Defendants filed their Reply Brief on August 21, 2020 and the State Court Plaintiffs filed their Reply Brief on August 31, 2020.

Pursuant to the Case Management Order in the State Court Action stipulated to by the parties and so Ordered by the State Court on July 27, 2020, fact discovery proceeded.  Specifically: (i) the State Court Plaintiffs served document requests; (ii) the State Court Plaintiffs proposed discrete categories of centrally stored documents to certain Defendants for production; (iii) the State Court Plaintiffs objected and responded to certain Defendants' document requests; (iv) the parties reached a tentative agreement on the categories of centrally stored documents that certain Defendants would produce; (v) the State Court Plaintiffs substantially completed their document production to certain Defendants; and (vi) the State Court Plaintiffs served numerous third-party subpoenas.  The Case Management Order also provided (i) that Plaintiffs would be deposed by certain Defendants; (ii) that the parties would agree with the plaintiffs in the Federal Action on an ESI protocol for discovery; (iii) a deadline by which certain Defendants would substantially complete their centrally stored document production; and (iv) that the parties would appear for a status conference.  NYSCEF No. 119, as modified by NYSCRF No. 124.

During a conference in the State Court Action on October 7, 2020, the State Court stated that it would not stay discovery pending the outcome of the appeal and cross-appeal in the State

Court Action.  The State Court urged the parties to continue with discovery and mediation efforts and stated that the State Court would allow a brief extension of the then-existing deadlines.  The parties submitted a stipulation providing for an extension of the remaining items in the Case Management Scheduling Order, which the State Court signed on October 14, 2020.  NYSCEF No. 124.

On November 10, 2020, the State Court Plaintiffs filed their motion for class certification.  NYSCEF Nos. 126-136.  Certain Defendants were to file their answering papers on December 24, 2020 (NYCEF No. 124), but because the Parties reached an agreement in principle to settle the claims in this litigation as described below, the parties in the State Court Action entered into a stipulation adjourning the briefing schedule.  NYSCEF No. 138.

### 3. Federal Court Action Procedural History

On January 10, 2020, certain Defendants served their motion to dismiss the Federal Court Action for failure to state a claim, which was subsequently joined by other Defendants.  The Federal Court Plaintiffs served their opposition papers on March 9, 2020, and certain Defendants served their reply papers on April 24, 2020. Pursuant to the order of the Magistrate in the Federal Court Action, the papers were all filed through the Federal Court's online ECF system on April 24, 2020.  ECF Nos. 24-27.

On May 5, 2020, the parties in the Federal Court Action applied to the Federal Court to stay that action pending the outcome of a mediation agreed to by the parties.   Federal ECF No. 35.  The Federal Court granted the application on May 6, 2020.  Federal ECF Docket entry on May 6, 2020.  At the Federal Court Action parties' request, the Federal Court lifted the stay on September 4, 2020, but the Federal Court entered a second stay on December 10, 2020 due to the parties' representation that they reached a settlement in the litigation.  Federal Docket EFC Nos. 36, 41 and Docket entries on Sept. 4, 2020 and Dec. 10, 2020.

6

### 4.     Mediation and Further Efforts to Resolve the Litigation

In the Spring of 2020, following the State Court's decision on the motion to dismiss, the Plaintiffs in the State and Federal Court Actions and the Defendants agreed to explore a global resolution of the Actions and engaged the services of Robert A Meyer, Esq. of JAMS, a nationally recognized mediator experienced in complex shareholder litigation.  In connection with the mediation, the State Court Plaintiffs, the Federal Court Plaintiffs, and the Uxin Defendants provided to Mr. Meyer and exchanged with each other confidential mediation statements setting forth their respective positions on the issues of liability, causation, and damages.  On June 5, 2020, the Parties attended via Zoom an all-day mediation with Mr. Meyer.

At the end of the mediation session, the Parties had not reached a settlement, but they and Mr. Meyer continued to engage in a series of communications over the next six months in an effort to achieve a global resolution of the Actions.  Ultimately, after lengthy negotiations, on December 10, 2020, the Parties agreed to a settlement of $9.5 million on the terms set forth herein, subject to the negotiation of a Stipulation of Settlement and court approval. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties subject to court approval.

## II.     PLAINTIFFS' INVESTIGATION AND THE BENEFITS OF SETTLEMENT

Lead Counsel represent that they have conducted an extensive investigation of the claims and the underlying events and transactions alleged in the Federal Court Action, and State Court Lead Counsel have represented that they have done the same in the State Court Action.  Among other things, Lead Counsel and State Court Lead Counsel both represent that they have analyzed public filings, records, documents, and other materials concerning Defendants and third parties, and have researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants and the potential defenses thereto.

Based on their investigation and review, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, adequate, and are in the best interests of the Settlement Class, and have agreed to settle the claims raised in the State Court Action and the Federal Court Action pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial benefits that Plaintiffs and the Settlement Class will receive from settlement of the State Court Action and the Federal Court Action; (b) the risks, costs, and uncertainties of ongoing litigation; (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (d) Plaintiffs' Counsel's experience in the prosecution of similar actions.

The Parties to this Stipulation and their counsel agree not to contend in any forum that the State Court Action or the Federal Court Action was brought or defended in bad faith, without a reasonable basis, or in violation of 22 N.Y.C.R.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure or any other similar law or statute. The State Court Action and the Federal Court Action are being voluntarily settled and presented in one forum after advice of counsel and after Plaintiffs' Counsel have determined and believe that the terms of the Settlement are fair, adequate, and reasonable to the Settlement Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law. Without limiting the generality of the foregoing in any way, Defendants have denied and continue to deny, among other things, that any misstatements or materially misleading omissions were made or that Plaintiffs or the Settlement Class have suffered any damages. Neither this Stipulation nor any of its terms shall constitute an admission or finding of wrongful conduct, acts or omissions. Defendants do not admit any liability

or wrongdoing in connection with the allegations set forth in the State Court Action, the Federal Court Action, or any facts related thereto.

Defendants are entering into this Settlement to eliminate the distraction, burden and expense of further litigation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the State Court Action and the Federal Court Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the State Court Action and the Federal Court Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

Neither this Stipulation nor any of the terms of the settlement of the Actions shall in any event be construed or deemed to be evidence of, or an admission or concession on the part of any Defendant with respect to, any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the State Court Action or the Federal Court Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their undersigned attorneys, subject to court approval, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Parties (as defined below) and all of Released Defendants' Claims (as defined below) shall be compromised, settled, released, and discharged, upon and subject to the following terms and conditions:

### 1. Certain Definitions

As used in this Stipulation, the following terms shall have the following meanings:

1.1      "Actions" means, collectively, the State Court Action and the Federal Court Action.

1.2      "ADSs" or "Shares" refers to American Depository Shares issued by or on behalf of Uxin, each of which represents three Uxin Class A ordinary shares.

1.3      "Alternative Judgment" means a form of judgment with terms materially different from those set forth in the form of judgment that is attached hereto as Exhibit B.  Without limitation, any reduction in the scope of the definition of "Settlement Class," "Settlement Class Members," or "Released Claims" are hereby deemed to be material.

1.4      "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

1.5      "Claims Administrator" means A.B. Data, Ltd. or such other entity as the Federal Court shall appoint to administer the Settlement.

1.6      "Controlling Person" means a person who holds a majority voting power in, or possesses the power to direct the actions of or exercise control over the general or daily operations of, a company or other business entity.

1.7      "Defendants" means, collectively, the Uxin Defendants and the Underwriter Defendants.

1.8      "Defendants' Counsel" means the law firms of Skadden Arps Slate, Meagher & Flom LLP and Simpson Thacher & Bartlett LLP.

1.9      "Effective Date of Settlement" or "Effective Date" means the date upon which all of the events and conditions set forth in ¶10.1 below have been met and have occurred.

1.10     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

1.11    "Escrow Agent" means The Rosen Law Firm, P.A. and Robbins Geller Rudman & Dowd LLP, or their respective successor(s).

1.12    "Federal Court" means the United States Court for the Eastern District of New York.

1.13    "Federal Court Action" means *Machniewicz v. Uxin Limited, et al.*, No. 19-cv-822 (MKB) (VMS), pending in the United States District Court for the Eastern District of New York.

1.14    "Federal Court Plaintiffs" means, collectively, plaintiffs Saleh Doron Gahtan and Daniel Chiu.

1.15    "Fee and Expense Award" means any attorneys' fees and expenses awarded by the Federal Court as described in ¶5.1.

1.16    "Final" with respect to the Judgment or an order of the Federal Court dismissing or declining to dismiss the Federal Court Action with prejudice (see ¶¶10.1(f), 10.2(f)) means a Judgment or order:

(a)    as to which there is no pending stay, motion for reconsideration, motion for rehearing, motion to vacate, appeal, petition for writ of certiorari or similar request for relief, other than as contemplated by subsection (d) of this ¶ 1.16,

(b)    if no appeal is filed, the expiration date of the time provided for filing or petitioning for any appeal; and

(c)    if there is an appeal from the Judgment or order, the date of (i) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or order, or (ii) the date the Judgment or order is finally affirmed on appeal; and (i) the expiration of the time to file a petition for writ of certiorari or other form of review, (ii)

11

the denial of a writ of certiorari or other form of review of the Judgment or order, or (iii) if certiorari or other form of review is granted, the date of final affirmance of the Judgment or order following review pursuant to that grant.

(d)     However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the Plan of Allocation (as submitted or subsequently modified) shall not in any way delay or preclude the Judgment from becoming Final.

1.17    "Individual Defendants" means, collectively, Kun Dai, Zhen Zeng, Rong Lu, Julian Cheng, Dou Shen and Hainan Tan.

1.18     "Investment Vehicle" means any investment company, separately managed account or pooled investment fund, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, and employee benefit plans, in which any Defendant or its affiliates has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.19    "IPO" or the "Offering" means Uxin's June 27, 2018 initial public offering.

1.20    "Judgment" means either: (i) the proposed judgment to be entered approving the Settlement, substantially in the form attached hereto as Exhibit B; or (ii) an Alternative Judgment, if expressly agreed by all Parties.

1.21    "Lead Counsel" means The Rosen Law Firm, P.A.

1.22    "Net Settlement Fund" means the Settlement Fund less: (i) court awarded attorneys' fees; (ii) notice and administration expenses; (iii) any required Taxes; (iv) court awarded

litigation expenses; and (v) any other fees or expenses approved by the court.

1.23    "Notice" means the Notice of Proposed Settlement of Class Action, which is to be sent to members of the Settlement Class, substantially in the form attached hereto as Exhibit A-1.

1.24    "Notice Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.25    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.26    "Plan of Allocation" means the plan described in the Notice or any alternate plan approved by the Federal Court whereby the Net Settlement Fund (as defined above in ¶1.22) shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation, and the Released Parties shall have no responsibility therefore or liability with respect thereto.

1.27    "Plaintiffs" means, collectively, the State Court Plaintiffs and Federal Court Plaintiffs.

1.28    "Plaintiffs' Counsel" means, collectively, Lead Counsel and State Court Lead Counsel.

1.29    "Proof of Claim" means the Proof of Claim and Release, substantially in the form attached hereto as Exhibit A-2 to Exhibit A.

1.30    "Registration Statement" means, collectively, any and all registration statements

13

and prospectuses, whether preliminary, amended, or as effective, filed with the U.S. Securities and Exchange Commission that relate in any way, in whole or in part, to Uxin's IPO.

1.31    "Related Parties" means each of a Defendant's past, present or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective present or former directors, officers, employees, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations and other entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

1.32    "Released Claims" means all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including "Unknown Claims" as defined below, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common or administrative, or any other law, statute, rule, or regulation, both (a) arising out of or related to the facts which

were alleged or which could have been alleged by Plaintiffs or any member of the Settlement Class against the Released Parties; and (b) arising out of or related to the purchase, acquisition, holding, sale, disposition, transfer, investment in or other transaction of Uxin ADSs during the Class Period, including without limitation the purchase or other acquisition of Uxin ADSs pursuant or traceable to Registration Statement or Prospectus for Uxin's IPO; provided, however, the Released Claims do not include any claims or obligations arising out of any indemnity agreements between and among the Company and the Underwriter Defendants.  "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Actions (including Unknown Claims), except claims to enforce any of the terms of this Stipulation.

1.33    "Released Defendants' Claims" means all claims, including "Unknown Claims" as defined below, that any Released Party may have against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel relating to the institution, prosecution or settlement of the Released Claims, the State Court Action or the Federal Court Action (except for claims to enforce any of the terms of this Stipulation).

1.34    "Released Parties" means Defendants and each and all of their Related Parties.

1.35    "Settlement" means the settlement on the terms set forth in this Stipulation.

1.36    "Settlement Amount" means the sum of $9,500,000 to be deposited into an Escrow Account pursuant to ¶3.  For the avoidance of doubt, as reflected in ¶3, the Settlement Amount shall be deposited by Uxin and/or its insurers and no other Defendant shall have any obligation to contribute to the Settlement Amount.

1.37    "Settlement Class" and "Settlement Class Members" means, for the purposes of this Settlement only, all Persons that (i) purchased or otherwise acquired Uxin ADSs from June 27, 2018 through April 16, 2019, inclusive, or (ii) purchased or otherwise acquired Uxin ADSs

pursuant or traceable to Uxin's Registration Statements and Prospectus for Uxin's IPO.  Excluded from the Settlement Class are Defendants, the officers and directors of Uxin or the Underwriter Defendants (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

1.38    "Settlement Class Period" means, for purposes of this Settlement only, the period from June 27, 2018 through April 16, 2019, inclusive.

1.39    "Settlement Fairness Hearing" means the hearing scheduled by the Federal Court to determine whether (i) the Settlement is fair, reasonable, and adequate, (ii) the Plan of Allocation is fair, reasonable, and adequate, and (iii) Plaintiffs' Counsel's request for an award of attorneys' fees and expenses on behalf of Lead Counsel and State Court Lead Counsel, including awards to Plaintiffs, is reasonable.

1.40    "Settlement Fund" means the Settlement Amount plus any interest or income earned thereon.

1.41    "State Court Action" means *In re Uxin Limited Securities Litigation*, Index No. 650427/2019, pending in the Supreme Court of the State of New York, County of New York: Commercial Division.

1.42    "State Court" means the Supreme Court of New York, New York County, Commercial Division.

1.43    "State Court Lead Counsel" means, collectively, the law firms of Robbins Geller Rudman & Dowd LLP, Wolf Haldenstein Adler Freeman & Herz LLP, Glancy Prongay & Murray

LLP and Hach Rose Schirripa & Cheverie LLP.

1.44    "State Court Plaintiffs" means, collectively, plaintiffs Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee.

1.45    "Summary Notice" means the summary notice of proposed Settlement and hearing for publication, substantially in the form attached hereto as Exhibit A-3.

1.46    "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542.  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally,

and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement.

1.47    "Underwriter Defendants" means Morgan Stanley & Co. International plc, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, China International Capital Corporation Hong Kong Securities Limited and Defendant China Renaissance Securities (Hong Kong) Limited.

1.48    Uxin or the "Company" means Uxin Limited and its predecessors, successors, parents, subsidiaries, divisions or affiliates.

1.49    "Uxin Defendants" means; collectively, Uxin and the Individual Defendants.

**2.    Scope and Effect of Settlement**

2.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Actions against Defendants; (ii) any and all Released Claims as against all Released Parties; and (iii) any and all Released Defendants' Claims.

2.2    (a)    Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have,

18

fully, finally, and forever waived, released, and discharged all Released Claims against the Released Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim.

(b)     Upon the Effective Date of this Settlement, each and every Settlement Class Member will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim.

(c)     Upon the Effective Date of this Settlement, each of the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged Plaintiffs, Plaintiffs' Counsel and each and all of the Settlement Class Members from each and every one of the Released Defendants' Claims.

(d)     Notwithstanding the provisions of ¶¶2.2(a) through (c) hereof, in the event that any of the Released Parties asserts against Plaintiffs, any Settlement Class Member, or their respective counsel, any claim that is a Released Defendants' Claim, then such Plaintiffs or Settlement Class Member, or counsel shall be entitled to use and assert such factual matters included within the Released Claims only against such Released Party in defense of such claim, but not for the purposes of affirmatively asserting any claim against any Released Party.

(e)     Notwithstanding the provisions of ¶¶2.2(a) through (c) hereof, in the event that Plaintiffs or any Settlement Class Member asserts against any of the Released Parties or their respective counsel any claim that is a Released Claim, then such Released Party or counsel shall be entitled to use and assert such factual matters included within the Released Defendants' Claims

only against such Plaintiffs or Settlement Class Member in defense of such claim, but not for the purposes of affirmatively asserting any claim against Plaintiffs or any Settlement Class Member.

(f)     The releases and injunctions provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition or event.

**3.     The Settlement Consideration**

3.1     In full and final settlement of the claims asserted in the Actions and in consideration of the releases specified in ¶2.2(a) herein, Uxin shall deposit or cause to be deposited the Settlement Amount in accordance with instructions to be provided by the Escrow Agent on or before fifteen (15) business days after the later to occur of: (i) entry of the Notice Order; and (ii) the Escrow Agent providing to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (a) wire transfer instructions (including bank name and ABA routing number, address, account name and number), (b) payment address, and (c) a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.  For the avoidance of doubt, no other Defendant shall have any obligation to deposit or otherwise contribute to the Settlement Amount.  Within three (3) days from the filing of this Stipulation with the Federal Court, Plaintiffs' Counsel shall send Uxin's counsel an encrypted e-mail containing complete particulars for payment by wire transfer or check, and a W-9.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1.  The account funds, less any amounts incurred for notice, administration, and/or taxes, plus any accrued interest thereon on a *pro rata* basis, shall revert to the person(s) making the deposits if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶10.2-10.4 herein. The Settlement Fund includes any interest earned thereon.

3.2     If the entire Settlement Amount is not timely paid to the Escrow Agent in accordance with ¶3.1 above, Plaintiffs' Counsel may terminate the Settlement, but only if: (i) Plaintiffs' Counsel have notified Defendants' Counsel in writing of Plaintiffs' Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Plaintiffs' Counsel have provided such written notice.

3.3     Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Claims.  Defendants shall have no obligation under this Stipulation or the Settlement to pay any additional amounts, and upon payment funding, Defendants shall have no other obligation to pay or reimburse any fees, expenses, costs, liability or damages whatsoever alleged or incurred by Plaintiffs, by any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or representatives with respect to the State Court Action, the Federal Court Action and Released Claims.   Any award made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1 hereof shall be paid exclusively from the Settlement Fund; any agreement between or among Plaintiffs' Counsel to divide fees, expenses, costs or interest shall be between or among such Plaintiffs' Counsel only; and Defendants shall have no obligation with respect to any allocation between or among Plaintiffs' Counsel, or with respect to any payment to any Plaintiffs' Counsel, of any fees, expenses, costs or interest. Plaintiffs and Settlement Class Members acknowledge that, as of the Effective Date, the releases and injunctions given herein shall become effective by operation of the Final Judgment and shall be permanent, absolute and unconditional.

3.4     (a)    The Settlement Fund, net of any Taxes (as defined below), shall be used to pay: (i) the notice and administration costs of the Settlement referred to in ¶4.2 hereof; (ii) any award made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1

hereof; and (iii) the remaining administration expenses referred to in ¶4.2 hereof and any other attorney and administrative costs, fees, payments or awards subsequently approved by the Federal Court. The balance of the Settlement Fund after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in ¶¶6.1-6.3 hereof.  Any portions of the Settlement Fund required to be held in escrow before the Effective Date shall be held by the Escrow Agent for the Settlement Fund.  The Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Federal Court and shall remain subject to the jurisdiction of the Federal Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants or returned pursuant to this Stipulation and/or further order of the Federal Court.   The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Federal Court.  The Escrow Agent shall be responsible for investing the Settlement Fund in eligible investments, meaning obligations issued or guaranteed by the United States of America or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an Agency thereof, and the Escrow Agent shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and Defendants shall have no obligation for any loss suffered by, or fluctuation in value of, the Settlement Fund.

(b)     For the purpose of §1.468B of the Internal Revenue Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation,

the returns described in Treas. Reg. §1.468B- 2(k)).   Such returns (as well as the election described below) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)      All: (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) all other tax expenses incurred in the operation of and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution expenses related to filing or failing to file the returns described in this paragraph (collectively, "Taxes") shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Federal Court. The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes, including the establishment of adequate reserves for any Taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund.  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(d)      Except to the extent The Rosen Law Firm, P.A. and  Robbins Geller Rudman & Dowd LLP are acting in their capacity as Escrow Agent, neither the Parties nor their

counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iv) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and tax expenses (including, without limitation, Taxes payable by reason of any such indemnification).

### 4.   Administration

4.1     The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Settlement Fund subject to such supervision of Plaintiffs' Counsel and/or the Federal Court as the circumstances may require.  The Claims Administrator agrees to be subject to the jurisdiction of the Federal Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation. Defendants shall have no role in, or responsibility for, the administration of the Settlement and shall have no liability to Plaintiffs, the Settlement Class, or any other person in connection with, as a result of, or arising out of, such administration.  The Claims Administrator will not make any distributions to Settlement Class Members from the Net Settlement Fund until the Judgment becomes Final and all the conditions described in ¶10.1 herein have been satisfied.

4.2     Plaintiffs' Counsel may pay from the Settlement Fund, without further approval from Defendants or the Federal Court, the reasonable costs and expenses associated with notice to the Settlement Class, and the administration of the Settlement, including, without limitation, the actual costs of notice, and the administrative expenses incurred and fees charged by the Claims

Administrator in connection with providing notice and processing the submitted claims.  Within ten (10) calendar days of entry of the Notice Order, the Company shall provide or cause to be provided to the Claims Administrator, at no cost, its reasonably available record shareholder lists for shareholders during the Settlement Class Period as appropriate for providing notice to the Settlement Class.

### 5.        Fee and Expense Application

5.1        Plaintiffs' Counsel will submit an application or applications (the "Fee and Expense Application") to the Federal Court for an award from the Settlement Fund of: (i) attorneys' fees and the payment of litigation expenses incurred in connection with the prosecution of the Actions, plus interest on both amounts at the same rate and period as earned on the Settlement Fund (until paid); and (ii) an award to Plaintiffs in connection with their representation of the Settlement Class. Attorneys' fees, expenses, and interest as are awarded by the Federal Court shall be paid from the Settlement Fund to Plaintiffs' Counsel immediately upon entry by the Federal Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Plaintiffs' Counsel may thereafter allocate such fees to Plaintiffs' Counsel subject to each Plaintiffs' Counsel's (including their respective partners, shareholders and/or firms) several obligation to repay those amounts to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Settlement Fund is required consistent with the provisions of ¶10.4 hereof.  In such event, Plaintiffs' Counsel shall, within ten (10) business days from the event which requires repayment of the fee or expense award, refund to the Settlement Fund the fee and expense award paid to them, along with interest, as described above.  Furthermore, all Plaintiffs' Counsel (including their

respective partners, shareholders and/or firms) agree that they remain subject to the continuing jurisdiction of the Federal Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Settlement Fund as provided in this paragraph.  Without limitation, Plaintiffs' Counsel agree that the Federal Court may, upon application of Defendants and notice to Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Plaintiffs' Counsel fail timely to repay fees and expenses pursuant to this ¶5.1.

5.2     Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application shall be considered by the Federal Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation and shall have no effect on the terms of the Stipulation or the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs' Counsel or Plaintiffs, nor any appeals from such awards.   Any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate or cancel this Stipulation or the Settlement of the Actions, or affect or delay the finality of the Judgment approving this Settlement.

5.3     Defendants shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel or any other Person who may assert some claim thereto of any fee and expense award that the Federal Court may make in the Federal Court Action.

5.4     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses (including Taxes) to Plaintiffs' Counsel or

26

any other Person who receives payment from the Net Settlement Fund.

**6.      Distribution to Authorized Claimants**

6.1      The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Federal Court approves.

6.2      The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.  The Released Parties will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Federal Court.  The Plan of Allocation is a matter separate and apart from the Settlement between the Parties and any decision by the Federal Court concerning the Plan of Allocation or change to the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

6.3      Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement. Defendants shall not be entitled to get back any of the settlement monies, or interest earned thereon, once the Judgment becomes Final and all the conditions set forth in ¶10.1 herein have been satisfied.   Defendants and other Released Parties shall not have liability should Recognized Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Parties shall have no involvement in reviewing, evaluating, or challenging claims and shall have no responsibility or liability for determining the allocation of any payments to any Settlement Class Members or for any other matters pertaining to the Plan of Allocation.

7.      **Administration of the Settlement**

7.1      Within ninety (90) calendar days after such time as set by the Federal Court to mail notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached hereto as Exhibit A-2 and as approved by the Federal Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

7.2      Except as otherwise ordered by the Federal Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Federal Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims.   Notwithstanding the foregoing, Plaintiffs' Counsel have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.   No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel or the Claims Administrator by reason of the exercise or non-exercise of such discretion.

7.3      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Federal Court pursuant to ¶7.5 below.

7.4      Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate

with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Federal Court if the claimant so desires and complies with the requirements of ¶7.5 below.

7.5     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶7.4 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Federal Court.  If a dispute concerning a claim cannot be otherwise resolved, Federal Court Counsel shall thereafter present the claimant's request for review to the Federal Court.

7.6     Each claimant, other than those whose request to be excluded from the Settlement Class is granted by the Federal Court, shall be deemed to have submitted to the jurisdiction of the Federal Court with respect to the claimant's claim, including, but not limited to, all releases and injunctions provided for herein and in the Judgment, and the claim will be subject to investigation and discovery, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Actions or the Settlement, and Defendants shall have no obligation to provide discovery.

7.7     No Person shall have any claim against the Released Parties, Defendants' Counsel, Plaintiffs, Plaintiffs' Counsel or the Claims Administrator, or any other Person designated by Plaintiffs' Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Federal Court.

7.8     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Federal Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Counsel shall, if economically feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.   These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Plaintiffs' Counsel's discretion, to distribute to Settlement Class Members. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization(s) designated by Plaintiffs' Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel, Plaintiffs, Defendants, the Related Parties, or Defendants' Counsel.

7.9     Except for Uxin's obligation to pay the Settlement Amount or cause it to be paid, if applicable, Defendants shall have no liability, obligation or responsibility for the administration of the Settlement, the payment or withholding of any Taxes, any allocation or payment to any Plaintiffs' Counsel of any fees, expenses, costs or interest, or any disbursement of the Net Settlement Fund. Plaintiffs' Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Counsel reasonably deems to be formal or technical

defects in any Proofs of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

7.10    All proceedings with respect to the administration, processing and determination of claims on the Net Settlement Fund and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Federal Court, but shall not in any event delay or affect the finality of the Judgment.

7.11    The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Federal Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Federal Court, all appeals therefrom have been resolved or the time therefor has expired.

## 8.    Terms of Order for Notice and Hearing

8.1    Promptly after this Stipulation has been fully executed, Federal Court Counsel shall request (by motion or otherwise) that the Federal Court enter the Notice Order, substantially in the form annexed hereto as Exhibit A.

8.2    Plaintiffs' Counsel and Defendants' Counsel shall jointly request that the postmark deadline for objecting and/or submitting exclusions from this Settlement be set at least sixty (60) calendar days after the date for the initial mailing of the Notice as set forth in the Notice Order. Upon receiving any request(s) for exclusion ("Request for Exclusion"), the Claims Administrator

shall promptly notify Plaintiffs' Counsel and Defendants' Counsel of such Requests for Exclusion.

8.3     Any Settlement Class Member who wishes to opt out of the Settlement Class must submit a timely written Request for Exclusion on or before the opt-out date, in the manner specified in the Notice Order.   A Request for Exclusion is valid only if it is signed by the Settlement Class Member or Settlement Class Members requesting exclusion in that request.   Group opt-outs, including "mass" or "class" opt outs, are not permitted.  Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Federal Court Action, whether or not he, she, or it timely submits a Proof of Claim.

**9.     Terms of Judgment**

9.1     If the Settlement contemplated by this Stipulation is approved by the Federal Court, Federal Court Counsel shall request that the Federal Court enter a Judgment, substantially in the form annexed hereto as Exhibit B.

**10.     Effective Date of Settlement, Waiver or Termination**

10.1    The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)     the Federal Court has entered the Notice Order in all material respects;

(b)     the Settlement Amount has been deposited into the Escrow Account pursuant to ¶3.1;

(c)     Uxin has not exercised its option to terminate this Settlement pursuant to ¶10.3 and the Supplemental Agreement, and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(d)     final approval by the Federal Court of the Settlement, following notice to the Settlement Class;

(e)      entry by the Federal Court of the Judgment, and the Judgment becomes Final; and

(f)      the Actions have been dismissed with prejudice.

10.2      Each of the Plaintiffs and each of the Defendants, through their respective counsel, shall, in each of their separate discretions, but in all events subject to ¶5.2 herein, have the right to terminate the Settlement and this Stipulation, as to themselves, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a)  the Federal Court's final non-appealable refusal to enter the Notice Order in any material respect; (b) the Federal Court's final non-appealable refusal to approve this Stipulation or any material part of it; (c) the Federal Court's non-appealable refusal to enter the Judgment in any material respect; or (d) the date on which the Judgment is modified or reversed by a court of appeal or any higher court in any material respect; (e) an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect; or (f) if the State Court or Federal Court issues an order declining to dismiss, respectively, the State Court Action or Federal Court Action with prejudice and that order is Final.

10.3      Uxin shall have the right (but not obligation) to terminate this Settlement if a particular confidential threshold is reached with respect to opt outs from this Settlement. The Parties have entered into a separate Supplemental Agreement (the "Supplemental Agreement") describing the procedure and threshold, which shall be binding as if set forth herein.  The Supplemental Agreement will not be filed with the Federal Court unless required by Federal Court rule or unless and until a dispute as between Plaintiffs and Defendants concerning its interpretation or application arises. If submission of the Supplemental Agreement is ordered by the Federal Court, the Parties will seek to have the Supplemental Agreement submitted to the Federal Court

*in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Federal Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the confidential threshold.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, the Judgment is vacated, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Actions as of December 10, 2020, the fact and terms of the Settlement shall not be admissible in any trial of the Actions, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in ¶5.1 hereof), less any Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Amount shall be returned to the party, parties or insurer that paid the Settlement as directed by Uxin within ten (10) business days from the date of the event causing such termination.

## 11.    No Admission of Wrongdoing

11.1    Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation. This Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits and prior drafts, and any negotiations or proceedings related or taken pursuant to it (including any arguments proffered in connection therewith):

(a)    Shall not be offered or received against Defendants as evidence of, or evidence supporting a presumption, concession, or admission with respect to any liability,

34

negligence, fault, or wrongdoing, the deficiency of any defense that has been or could have been asserted, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Federal Court and becomes effective pursuant to its terms, Defendants may refer to it to effectuate the liability protection granted them hereunder, and nothing in this Settlement shall restrict the ability of any Party hereto to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(b)     Shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the complaint in the State Court Action, the Federal Court Action or any subsequent operative complaint filed in the State Court Action or the Federal Court Action would not have exceeded the Settlement Fund; and

(c)     Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

### 12.    Class Certification

12.1     The Parties hereby stipulate, for purposes of the Settlement only, to certification of the Federal Court Action as a class action pursuant to Fed. R. Civ. P. 23(e).  In the event that the Judgment or Alternate Judgment, if applicable, does not become Final or the Settlement fails

to become effective for any reason, the Parties reserve all their rights on all issues.  In such an event, Defendants reserve all rights to object to and oppose class certification or challenge the standing of Plaintiffs or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Actions or that any plaintiff has standing.

### 13.    Miscellaneous Provisions

13.1    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

13.2    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and/or any Settlement Class Member against the Released Parties with respect to the Released Claims. Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  The Parties further agree not to assert in any forum that any party violated Fed. R. Civ. P. 11 or 22 N.Y.C.R.R. §130-1 or any similar law or statute relating to the prosecution, defense, or settlement of the Actions.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

13.3    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their successors in interest.

13.4    All agreements made and orders entered during the course of the Actions relating to the confidentiality of information shall survive this Stipulation.

13.5    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

13.6    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Federal Court, and the Federal Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Allocation and enforcing the terms of this Stipulation, including exclusive jurisdiction to enforce the injunctions set forth herein.

13.7    This Stipulation shall not constitute a consent to service or to the jurisdiction of the State Court, the Federal Court or any other court for any purpose, including any other matter concerning the Released Claims, and shall not be construed as such, other than for the sole and limited purpose of the Settlement and the enforcement of its terms.

13.8    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

13.9    This Stipulation and its exhibits and the Supplemental Agreement constitute the agreement among the Parties hereto concerning the Settlement of the Actions, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

13.10   This Stipulation may be executed in one or more counterparts and the signatures may be by facsimile, or electronically.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves original signed counterparts.

13.11   This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto. No assignment shall relieve any Party hereto of obligations hereunder.

13.12    Plaintiffs and Plaintiffs' Counsel represent and warrant that none of the Plaintiffs' claims or causes of action against one or more Defendants in the Actions, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Actions, have been assigned, encumbered, conveyed, given, granted or in any manner transferred in whole or in part.

13.13    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

13.14    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

13.15    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

13.16    Plaintiffs, Defendants, and their counsel shall not make any applications for sanctions, pursuant to 22 N.Y.C.C.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure or any other applicable rule, code, or statute, with respect to any claims or defenses in the Actions.  The Parties agree that throughout the course of this litigation, all Parties and their counsel complied with, as applicable, the provisions of 22 N.Y.C.C.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, the

Securities Litigation Uniform Standards Act of 1998, and all applicable ethics requirements.

13.17    Plaintiffs' Counsel and Defendants' Counsel agree to cooperate reasonably with one another in seeking Federal Court approval of the order for notice and hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Federal Court of the Settlement.

13.18    Pending approval of the Federal Court of this Stipulation, all proceedings in the Actions shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

13.19    Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint-defense privilege, or the work-product privilege.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, on April 1, 2021.

Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq.
(lrosen@rosenlegal.com)
Phillip Kim, Esq.
(pkim@rosenlegal.com)
Yu Shi, Esq.
(yshi@rosenlegal.com)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060

Attorneys for Plaintiffs Saleh Doron
Gahtan and Daniel Chiu in the
Federal Court Action

_Frank Schirripa_

Frank R. Schirripa

HACH ROSE SCHIRRIPA
   & CHEVERIE LLP
Frank R. Schirripa
(fschirripa@hrsclaw.com
Kurt Hunciker
(khunciker@hrsclaw.com)
Seth M. Pavsner
(spavsner@hrsclaw.com)
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: (212) 213-8311

Attorneys for Plaintiff Adam Franchi
and the Proposed Class in the State
Court Action


Daniella Quitt

GLANCY PRONGAY & MURRAY
LLP
Casey Sadler
(Admitted Pro Hac Vice)
(csadler@glancylaw.com)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150

Daniella Quitt
(dquitt@glancylaw.com)
712 Fifth Avenue, 31st floor
New York, NY 10019
Tel: (212) 935-7400

Attorneys for Plaintiff Mark Lee and
the Proposed Class in the State Court
Action

40

_____

Frank R. Schirripa

HACH ROSE SCHIRRIPA
   & CHEVERIE LLP
Frank R. Schirripa
(fschirripa@hrsclaw.com)
Kurt Hunciker
(khunciker@hrsclaw.com)
Seth M. Pavsner
(spavsner@hrsclaw.com)
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: (212) 213-8311

Attorneys for Plaintiff Adam Franchi
and the Proposed Class in the State
Court Action

_____

Daniella Quitt

GLANCY PRONGAY & MURRAY
LLP
Casey Sadler
(Admitted Pro Hac Vice)
(csadler@glancylaw.com)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Tel: (310) 201-9150

Daniella Quitt
(dquitt@glancylaw.com)
712 Fifth Avenue, 31st floor
New York, NY  10019
Tel: (212) 935-7400

Attorneys for Plaintiff Mark Lee and
the Proposed Class in the State Court
Action

_____
Mark Rifkin

WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
Mark Rifkin
(rifkin@whafh.com)
Kevin G. Cooper
(kcooper@whafh.com)
270 Madison Avenue
New York, NY  10016
Tel: (212) 545-4600

Attorneys for Plaintiff Lei Liang and
the Proposed Class in the State Court
Action

_____
Michael G. Capeci

ROBBINS GELLER RUDMAN
    & DOWD LLP
Samuel Rudman
(srudman@rgrdlaw.com)
Michael G. Capeci
(mcapeci@rgrdlaw.com)
Magdalene Economou
(meconomou@rgrdlaw.com)
58 South Service Road, Suite 200
Melville, NY  11747
Tel.: (631) 367-7100
Attorneys for the Proposed Class in
the State Court Action

_____
Robert A. Fumerton

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Scott D. Musoff
(scott.musoff@skadden.com)

41

_____
Mark Rifkin

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
Mark Rifkin
(rifkin@whafh.com)
Kevin G. Cooper
(kcooper@whafh.com)
270 Madison Avenue
New York, NY  10016
Tel: (212) 545-4600

Attorneys for Plaintiff Lei Liang and
the Proposed Class in the State Court
Action


_____
Michael G. Capeci

ROBBINS GELLER RUDMAN
   & DOWD LLP
Samuel Rudman
(srudman@rgrdlaw.com)
Michael G. Capeci
(mcapeci@rgrdlaw.com)
Magdalene Economou
(meconomou@rgrdlaw.com)
58 South Service Road, Suite 200
Melville, NY  11747
Tel.: (631) 367-7100
Attorneys for the Proposed Class in
the State Court Action


_____
Robert A. Fumerton

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Scott D. Musoff
(scott.musoff@skadden.com)

41

Robert A. Fumerton
(robert.fumerton@skadden.com)
Michael C. Griffin
(michael.griffin@skadden.com)

One Manhattan West
New York, NY  10001
Tel: (212) 735-3000

Attorneys for Defendants Uxin
Limited, Kun Dai, Zhen Zeng, Rong
Lu, Julian Cheng, Dou Shen and
Hainan Tan

Jonathan Youngwood

SIMPSON THACHER &
BARTLETT LLP
Jonathan Youngwood
(jyoungwood@stblaw.com)
Janet A. Gochman
(jgochman@stblaw.com)
425 Lexington Avenue
New York, NY  10017
Tel: (212) 455-2000

Attorneys for Defendants Morgan
Stanley & Co. International plc,
Goldman Sachs (Asia) L.L.C., J.P.
Morgan Securities LLC, China
International Capital Corporation
Hong Kong Securities Limited and
China Renaissance Securities (Hong
Kong) Limited

42