Exhibit A-1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED,

Defendants.

Case No: 1:19-cv-0822-MKB-VMS

---

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

IN RE UXIN LIMITED SECURITIES LITIGATION

Index No. 650427/2019

Hon. Andrew Borrok

Commercial Division Part 53

---

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO:  ALL PERSONS WHO (I) PURCHASED OR OTHERWISE ACQUIRED UXIN LIMITED ("UXIN" OR THE "COMPANY") AMERICAN DEPOSITORY SHARES ("ADSs") FROM JUNE 27, 2018 THROUGH APRIL 16, 2019, INCLUSIVE; OR (II) PURCHASED OR OTHERWISE ACQUIRED UXIN ADSs PURSUANT OR TRACEABLE TO UXIN'S REGISTRATION STATEMENTS AND PROSPECTUS FOR UXIN'S JUNE 27, 2018 INITIAL PUBLIC OFFERING ("IPO").

IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") BY _____, 2021.

*A federal court has authorized this Notice.  This is not attorney advertising.*

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Eastern District of New York (the "Court").  This Notice serves to inform you of the proposed settlement (the "Settlement") in the above-captioned class action lawsuit (the "Action") and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated April 1, 2021 (the "Stipulation"), by and between Plaintiffs Saleh Doron Gahtan and Daniel Chiu ("Federal Court Plaintiffs") and Plaintiffs Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee ("State Court Plaintiffs," and with the Federal Court Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Uxin, Kun Dai, Zhen Zeng, Rong Lu, Julian Cheng, Dou Shen and Hainan Tan (the "Uxin Defendants"), and Defendants Morgan Stanley & Co. International plc, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, China International Capital Corporation Hong Kong Securities Limited and China Renaissance Securities (Hong Kong) Limited (the "Underwriter Defendants" and with the Uxin Defendants, "Defendants"),by their respective counsel.[1] This Settlement also resolves the action pending in the Supreme Court of the State of New York styled as *In Re Uxin Limited Securities Litigation,* Index No. 650427/2019 (the "State Court Action," together with this Action, are referred to herein as the "Actions").

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide nine million five hundred thousand dollars ($9,500,000) (the "Settlement Amount") gross, plus interest as it accrues, minus any Court-awarded attorneys' fees, costs, administrative expenses, and net of any taxes on interest (the "Settlement Fund"), to pay claims of investors who purchased Uxin ADSs during the Settlement Class Period.

- Based on Plaintiffs' damages expert's estimate of the number of shares of publicly-traded Uxin ADSs that may have been affected by the alleged conduct at issue during the Settlement Class Period, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.05 per ADS for the approximately 189.7 million affected Uxin ADSs. This is not an estimate of the actual

---

[1] The Stipulation can be viewed and/or downloaded at www._____.com.  All capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

Exhibit A-1

recovery per ADS you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Uxin ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs' Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Plaintiffs' Counsel will seek no more than $100,000 in litigation expenses, as well as an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs of no more than $2,000 each directly related to their representation of the Settlement Class. The estimated average cost for such fees and expense, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.017 per affected Uxin ADS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim and Release Form** | Proofs of Claim and Release forms must be postmarked (if mailed) or received (if submitted online) on or before ____, 2021. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____**.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____. You can still submit a Proof of Claim and Release. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Actions.** |

- 3 -

Exhibit A-1

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated April 1, 2021 (the "Settlement Stipulation").

## WHAT IS THIS LAWSUIT ABOUT?

### I.      THE ALLEGATIONS

Uxin is the largest used car e-commerce platform in China.  As of the IPO, the Company had two primary business segments: (i) Uxin used cars (known as "2C"), which provides consumers with customized car recommendations, financing, title transfer, delivery, insurance, and other related services for used cars; and (ii) Uxin auction ("2B"), which facilitates online auctions for used cars.  Within the 2B business, Uxin further distinguished between used car sales to businesses ("B2B") and consumers ("C2B").  In the Actions, Plaintiffs allege three theories of liability against Defendants. First, Plaintiffs allege that the offering documents failed to disclose that Uxin would stop providing critical inspections in its 2B business shortly after the IPO.  Second, Plaintiffs allege that numerous aspects of Uxin's financial and operational data reported by Uxin were materially inaccurate, including, among other things, that Uxin's revenue and revenue growth, transaction volume and vehicle inventory were overstated, and materially understating Uxin's debt, including by not reporting up to $3.6 billion of debt held by the Company's wholly owned subsidiary, The Kai Feng Finance Lease (Hangzhou) Co., Ltd.  Third, the Federal Court Plaintiffs also allege that the offering documents misrepresented Uxin's business model; specifically, that Uxin did not just provide an online platform for used car transactions, but rather, also held its own inventory of used cars for sale.  As described below, the State Court Plaintiffs assert claims under the Securities Act of 1933 (the "Securities Act"), and the Federal Court Plaintiffs assert claims under both the Securities Act and the Securities Exchange Act of 1934 (the "Exchange Act.").

Defendants deny all of Plaintiffs' allegations. Without limiting the generality of the foregoing in any way, Defendants have denied and continue to deny, among other things, that any misstatements or materially misleading omissions were made or that Plaintiffs or the Settlement Class have suffered any damages. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Actions, or any facts related thereto.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFFS OR TO THE SETTLEMENT CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTIONS OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THE ACTIONS AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

### II.     PROCEDURAL HISTORY

#### The State Court Action:

On January 22, 2019, one of the Plaintiffs filed a putative class action in the Supreme Court of the State of New York ("State Court") against Defendants alleging violations of Sections 11,

Exhibit A-1

12(a)(2) and 15 of the Securities Act on behalf of all persons who purchased or otherwise acquired Uxin ADSs pursuant or traceable to Uxin's Registration Statement and Prospectus issued in connection with Uxin's June 27, 2018 IPO. Additional complaints were filed by State Court Plaintiffs between January 25 and 31, 2019, and a joint Amended Complaint was filed on March 21, 2019. Another State Court Plaintiff filed a complaint on April 30, 2019.

On July 7, 2019, the State Court granted certain parties' joint stipulation to consolidate the five pending cases and appointed Robbins Geller Rudman & Dowd LLP, Wolf Haldenstein Adler Freeman & Herz LLP, Glancy Prongay & Murray LLP, and Hach Rose Schirripa & Cheverie LLP as lead counsel ("State Court Lead Counsel").  On August 5, 2019, the State Court Plaintiffs filed their Consolidated Amended Complaint. On July 15, 2019, the State Court denied certain Defendants' motion to stay the State Court Action in favor of the Action.

On August 6, 2019, the State Court denied certain Defendants' motion to stay discovery in the State Court Action because there was no pending motion to dismiss the Complaint. On March 9, 2020, the State Court partially denied certain Defendants' motion to dismiss the State Court action, ordered Defendants to answer the State Court Complaint by April 8, 2020, and set a preliminary conference for April 13, 2020. Due to the impact of COVID-19, the conference was rescheduled to July 15, 2020, and certain Defendants filed their Answers on July 10, 2020.

On March 12, 2020, certain Defendants filed a Notice of Appeal from the State Court's order partially denying their motion to dismiss the State Court Action, and on May 4, 2020, the State Court Plaintiffs filed a Notice of Cross-Appeal.  Certain Defendants filed their Joint Brief and the record on July 13, 2020; the State Court Plaintiffs filed their Joint Brief on August 12, 2020, certain Defendants filed their Reply Brief on August 21, 2020 and the State Court Plaintiffs filed their Reply Brief on August 31, 2020.

Pursuant to the Case Management Order in the State Court Action stipulated to by the parties and so Ordered by the Court on July 27, 2020, fact discovery proceeded. During a conference in the State Court Action on October 7, 2020, the State Court stated that it would not stay discovery pending the outcome of the appeal in the State Court Action.  The State Court urged the parties to continue with discovery and stated that the Court would allow a brief extension of the then-existing deadlines.  Certain parties submitted a stipulation providing for an extension of the remaining items in the Case Management Scheduling Order, which the State Court signed on October 14, 2020.

On November 10, 2020, the State Court Plaintiffs filed their motion for class certification. Certain Defendants were to file their answering papers on December 24, 2020, but, in light of the agreement in principle to settle the claims in this litigation as described below, the parties in the State Court Action agreed to adjourn those dates.

### The Federal Court Action:

On February 11, 2019, a putative class action complaint was filed in this Court which asserted claims under the Securities Act against the same Defendants named in the State Court Action.  On August 14, 2019, United States District Judge Brodie entered an order appointing Saleh Doron Gahtan ("Gahtan") as Lead Plaintiff, approving Gahtan's selection of The Rosen Law Firm, P.A. as Lead Counsel.

Exhibit A-1

On October 25, 2019, Gahtan and named plaintiff Daniel Chiu filed an amended complaint (the "Federal Court Complaint"). The Federal Court Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act as well as claims against the Uxin Defendants under Sections 10(b) and 20 of the Exchange Act and Rule 10b-5 promulgated thereunder. The Federal Court Complaint was brought on behalf of all purchasers of Uxin ADSs from June 27, 2018 through April 15, 2019, inclusive.

On January 10, 2020, certain Defendants served their motion to dismiss the Federal Court Complaint for failure to state a claim, which was subsequently joined by other Defendants. The motion to dismiss was fully briefed on April 24, 2020.

On May 5, 2020, the parties applied to the Court to stay that action pending outcome of a mediation agreed to by the parties. The Court granted the application on May 6, 2020. At the parties' request, the Court lifted the stay on September 4, 2020, but the Court entered a second stay on December 10, 2020 due to the parties' representation that they reached a settlement in the litigation.

**Settlement Negotiations:**

On June 5, 2020, after exchanging detailed mediation briefs, the Federal Court Plaintiffs, State Court Plaintiffs, and Uxin Defendants attended an all-day virtual mediation, a respected mediator with substantial experience mediating complex securities class actions. The Parties were unable to reach a settlement at the mediation session. However, the Parties and the mediator continued to engage in negotiations over the next six months in an effort to achieve a global resolution of the Actions. Ultimately, on December 10, 2020, after lengthy negotiations, the Parties agreed to the $9,500,000 Settlement, subject to Court approval.

## HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?

If you purchased or acquired Uxin ADSs during the Settlement Class Period, or pursuant or traceable Uxin's IPO, you are a Settlement Class Member. As set forth in the Stipulation, excluded from the Settlement Class are Defendants, the officers, directors of Uxin or the Underwriter Defendants (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

Exhibit A-1

## WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $9,500,000. The Settlement Amount, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement Fund, as well as attorneys' fees and expenses, and the payment to Plaintiffs for representing the Settlement Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Actions.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Claim") described below. A Recognized Claim will be calculated for each Uxin ADS purchased or otherwise acquired during the Settlement Class Period or traceable or pursuant to Uxin's IPO. The calculation of a Recognized Claim will depend upon several factors, including when the shares were purchased or otherwise acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. The Recognized Claim is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Claim is the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Settlement Class Members send in and how many Uxin ADSs you purchased or otherwise acquired during the Settlement and/or pursuant or traceable to Uxin's IPO, and whether you sold any of those shares and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall receive a proportionate share of the Net Settlement Fund determined by a fraction, the numerator of which shall be the Authorized Claimants' Recognized Loss on all Uxin ADSs purchased during the Settlement Class Period and the denominator of which shall be the aggregate Recognized Loss of all Authorized Claimants.

The Recognized Loss on all Uxin ADSs purchased by each Authorized Claimant on or *before* January 18, 2019 [last trading day before initial complaint filed] shall be the purchase price per share (net of commissions and not to exceed $9.00) paid for the ADSs minus the *lower* of:
>    (i) the market prices (also net of commissions) at which the ADSs were sold, as determined on a first-in-first-out basis, or

- 7 -

(ii) $3.35 [closing price on 1/18/2019 last trading day before initial complaint filed] per share.

The Recognized Loss on all Uxin ADSs purchased by each Authorized Claimant on or *after* January 18, 2019, shall be the purchase price per share (net of commissions) paid for the ADSs minus the *greater* of:

 (i) the price per share (also net of commissions) at which the ADSs were sold, as determined on a first-in-first-out basis, or
(ii) $3.35 per share.

**NOTE:**

A purchase, acquisition or sale of Uxin ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Uxin ADSs during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Uxin ADSs for the calculation of a claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Uxin ADSs during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of Uxin ADSs.

With respect to Uxin ADSs purchased or sold through the exercise of an option, the purchase/sale date of the share is the exercise date of the option and the purchase/sale price of the share is the exercise price of the option. Any Recognized Claim arising from purchases of Uxin ADSs acquired during the Settlement Class Period through the exercise of an option on Uxin ADSs shall be computed as provided for other purchases of Uxin ADSs in the Plan of Allocation.

The total of all profits shall be subtracted from the total of all losses from transactions during the Settlement Class Period to determine if a Settlement Class Member has a Recognized Claim. Only if a Settlement Class Member had a net market loss, after all profits from transactions in Uxin ADSs during the Settlement Class Period are subtracted from all losses, will such Settlement Class Member be eligible to receive a distribution from the Net Settlement Fund.

If an Authorized Claimant has an overall market gain, the Recognized Claim for that Authorized Claimant will be $0.00. If an Authorized Claimant has an overall market loss, that Authorized Claimant's Recognized Claim will be limited to the amount of overall market loss. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the

Exhibit A-1

balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to appropriate non-profit organizations.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask Lead Counsel to request that the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, decide the issue.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, any Claims Administrator, any other Person designated by Plaintiffs' Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### DO I NEED TO CONTACT PLAINTIFFS' COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No.  If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Plaintiffs' Counsel.  If your address changes, please contact the Claims Administrator at:

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box _____
Milwaukee, WI 53217
Tel.: 877-933-2882

### THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

### WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after a thorough investigation by Plaintiffs' Counsel and briefing on the Defendants' motions to dismiss.  The Court has not reached any final decisions in connection with Plaintiffs' claims against Defendants.  Instead, Plaintiffs and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator of complex class actions.  In reaching the Settlement, the Parties have avoided the cost, delay and uncertainty of further litigation.

- 9 -

Exhibit A-1

As in any litigation, Plaintiffs and the proposed Settlement Class would face an uncertain outcome if they did not agree to the Settlement.  The Parties expected that the case could continue for a lengthy period of time and that if Plaintiffs succeeded, Defendants would file appeals that would postpone final resolution of the case.  Continuation of the Actions against Defendants could result in a judgment greater than this Settlement.  Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiffs and Plaintiffs' Counsel believe that this Settlement is fair and reasonable to the members of the Settlement Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Settlement Class will receive a certain and immediate monetary recovery.  Additionally, Plaintiffs' Counsel believe that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay and uncertainty of continued litigation, are a very favorable result for the Settlement Class.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The following attorneys are counsel for the Settlement Class:

Michael G. Capeci
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100

Laurence Rosen
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060

Frank R. Schirripa
HACH ROSE SCHIRRIPA
& CHEVERIE LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: (212) 213-8311

*Counsel for Federal Court Plaintiffs*

Daniella Quitt
GLANCY PRONGAY & MURRAY LLP
712 Fifth Avenue, 31st floor
New York, NY  10019
Telephone: (212) 935-7400

Mark Rifkin
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY  10016
Telephone: (212) 686-0114

*Counsel for State Court Plaintiffs*

If you have any questions about the Actions, or the Settlement, you are entitled to consult with Plaintiffs' Counsel by contacting counsel at the phone numbers listed above.

Exhibit A-1

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box _____
Milwaukee, WI 53217
Tel.: 877-933-2882

### HOW WILL THE PLAINTIFFS' LAWYERS BE PAID?

Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs' Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Plaintiffs' Counsel will request payment of their litigation expenses, not to exceed $100,000, as well as an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs of no more than $2,000 each directly related to their representation of the Settlement Class.[2]

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Plaintiffs' Counsel.

### CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes.  If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or "opting out" of, the Settlement Class.  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Settlement Class, you must send a signed letter by mail saying that you want to be excluded from the Settlement Class in *Machniewicz v. Uxin Limited, et al.*, No. 19-cv-822-MKB-VMS (E.D.N.Y.). Be sure to include your name, address, telephone number, and the date(s), price(s), and number of shares of Uxin ADSs that you purchased or acquired during the Settlement Class Period (June 27, 2018 through April 16, 2019, inclusive).  Your exclusion request must be **postmarked no later than _____, 2021**, and sent to the Claims Administrator at:

---

[2] Plaintiffs' Counsel will allocate the attorneys' fees awarded among Lead Counsel, State Court Lead Counsel, Johnson Fistel LLP, and The Schall Law Firm.

- 11 -

Exhibit A-1

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box _____
Milwaukee, WI 53217
Tel.: 877-933-2882

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in the Actions.

**CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?**

Yes. If you are a Settlement Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs and expenses, Plaintiffs' request for payment for representing the Settlement Class and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Settlement Class membership, and signed by you on your own behalf with the Court and send a copy to one of Plaintiffs' Counsel and one of Defendants' Counsel, at the addresses listed below **by _____, 2021**. The Court's address is Clerk of the Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201; Plaintiffs' Counsel's address is Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 and Laurence Rosen, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016; Uxin Defendants' Counsel's address is Robert A. Fumerton, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001; and Underwriter Defendants' Counsel is Jonathan Youngwood, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017.

Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

**WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?**

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or Plaintiffs' Counsel's request for an award of attorneys' fees and expenses. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

- 12 -

Exhibit A-1

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice. A Proof of Claim is enclosed with this Notice and also may be downloaded at www._____com. Read the instructions carefully; fill out the Proof of Claim; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than _____, 2021**. The Proof of Claim may be submitted online at www._____ com. If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Parties from all Released Claims.

- "Related Parties" means each of a Defendant's past, present or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective present or former directors, officers, employees, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations and other entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

- "Released Parties" means Defendants and each and all of their Related Parties.

- "Released Claims" means all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including "Unknown Claims" as

defined below, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common or administrative, or any other law, statute, rule, or regulation, both (a) arising out of or related to the facts which were alleged or which could have been alleged by Plaintiffs or any member of the Settlement Class against the Released Parties; and (b) arising out of or related to the purchase, acquisition, holding, sale, disposition, transfer, investment in or other transaction of Uxin ADSs during the Class Period, including without limitation the purchase or other acquisition of Uxin ADSs pursuant or traceable to Registration Statement or Prospectus for Uxin's IPO; provided, however, the Released Claims do not include any claims or obligations arising out of any indemnity agreements between and among the Company and the Underwriter Defendants. "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Actions (including Unknown Claims), except claims to enforce any of the terms of this Stipulation.

- "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed

Exhibit A-1

or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement. The above description of the proposed Settlement is only a summary.

The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www._____.com or by contacting Plaintiffs' Counsel listed on Page __ above.

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a Settlement Fairness Hearing on _____, 2021, at _:__ _.m., before the Honorable Margo K. Brodie at the U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 6F, Brooklyn, NY 11201, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $9,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to pay Plaintiffs for their efforts in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court.  The Court may adjourn or continue the Settlement Fairness Hearing without further notice to members of the Settlement Class. The Court reserves the right to hold the Settlement Fairness  Hearing telephonically or by other virtual means.  Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www._____.com.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Fairness Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website.

Any Settlement Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Settlement Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Fairness Hearing, with the Court no later than _____, 2021, and showing proof of service on the following counsel:

| | |
|---|---|
| Laurence Rosen | Michael G. Capeci |
| THE ROSEN LAW FIRM, P.A. | ROBBINS GELLER RUDMAN & |
| 275 Madison Avenue, 40th Floor | DOWD LLP |
| New York, NY 10016 | 58 South Service Road, Suite 200 |
| | Melville, NY  11747 |

*Counsel for the Federal Court Plaintiffs*

Daniella Quitt

Exhibit A-1

Glancy Prongay & Murray LLP
712 Fifth Avenue, 31st floor
New York, NY  10019

*Counsel for the State Court Plaintiffs*

| | |
|---|---|
| Robert A. Fumerton | Jonathan Youngwood |
| SKADDEN, ARPS, SLATE, | SIMPSON THACHER & |
| MEAGHER & FLOM LLP | BARTLETT LLP |
| One Manhattan West | 425 Lexington Avenue |
| New York, NY 10001 | New York, NY 10017 |
| *Counsel for the Uxin Defendants* | *Counsel for the Underwriter Defendants* |

Unless otherwise directed by the Court, any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2021.

**INJUNCTION**

The Court has issued an order enjoining all Settlement Class Members from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Party, pending final determination by the Court of whether the Settlement should be approved.

Exhibit A-1

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If, during the Settlement Class Period, you purchased or sold Uxin ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: **(a)** within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice and Proof of Claim forward them to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.20 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.05 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

DATED: _____           BY ORDER OF THE UNITED STATES DISTRICT
                                         COURT FOR THE EASTERN DISTRICT OF NEW
                                         YORK

- 17 -