Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED,<br><br>  Defendants. | Case No: 1:19-cv-0822-MKB-VMS<br><br>CLASS ACTION |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle this Action and the action pending in the Supreme Court of the State of New York, County of New York styled as *In re Uxin Limited Securities Litigation,* Index No. 650427/2019 ("State Court Action") upon the terms and conditions set forth in the Stipulation of Settlement dated April 1, 2021 (the "Stipulation" or "Settlement"); and

WHEREAS, on _____, 2021, the Court entered its Order Granting Preliminary Approval of Class Action Settlement, which preliminarily approved the Settlement, and approved the form and manner of notice to the Settlement Class of the Settlement, and said notice has been made, and the fairness hearing having been held; and

NOW, THEREFORE, based upon the Stipulation and all of the filings, records and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable and adequate, and upon a Settlement Fairness Hearing having been held after notice to the Settlement Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

---

[1] Unless otherwise indicated, all capitalized terms used herein shall have the same meaning as in the Stipulation. As used herein, the term "Parties" means Plaintiffs Saleh Doron Gahtan and Daniel Chiu of the Federal Court Action, Plaintiffs Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee of the State Court Action, and Defendants Uxin Limited ("Uxin" or the "Company"), Kun Dai, Zhen Zeng, Rong Lu, Julian Cheng, Dou Shen, Hainan Tan, Morgan Stanley & Co. International plc, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, China International Capital Corporation Hong Kong Securities Limited and China Renaissance Securities (Hong Kong) Limited.

B.      This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all Settlement Class Members for purposes of the Settlement.

C.      The Court finds, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that:

(i)      the Settlement Class is so numerous that joinder of all members is impracticable;

(ii)     there are questions of law and fact common to the Settlement Class;

(iii)    the claims of Plaintiffs are typical of the claims of the Settlement Class;

(iv)    Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Settlement Class;

(vii)    that the Action is hereby certified (in connection with Settlement only) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a settlement class (the "Settlement Class") consisting of all Persons that (i) purchased or otherwise acquired Uxin ADSs from June 27, 2018 through April 16, 2019, inclusive; or (ii) purchased or otherwise acquired Uxin ADSs pursuant or traceable to Uxin's Registration Statements and Prospectus for Uxin's IPO.   Excluded from the Settlement Class are Defendants, the officers and directors of Uxin or the Underwriter Defendants (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.   Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom. [No persons or entities have requested exclusion from the Settlement Class] [Attached hereto as Exhibit 1 is a list of the persons and entities who requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class]; and

- 2 -

(viii)    Plaintiffs are hereby certified as the Class Representatives, and Plaintiffs' Counsel are certified as Class Counsel.  The Court concludes that Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Actions and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

D.    The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Fed. R. Civ. P. 23, the Private Securities Reform Litigation Act of 1995 ("PLSRA"), due process, and all other applicable laws and rules, and it is further determined that all members of the Settlement Class are bound by this Judgment. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

E.    The Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate.

(i)    The Settlement was negotiated at arm's length by Plaintiffs on behalf of the Settlement Class and by Defendants, all of whom were represented by highly experienced and skilled counsel.  The case settled only after, among other things: (a) a mediation conducted by an experienced mediator who was familiar with this Action and the State Court Action; (b) the exchange between the Plaintiffs and Uxin Defendants of detailed mediation statements before the mediation which highlighted the factual and legal issues in dispute; (c) Plaintiffs' Counsel's extensive investigation, which included, among other things, a review of Uxin's press releases, U.S. Securities and Exchange Commission filings, analyst reports, media reports, and other publicly disclosed reports and information about the Defendants, as well as interviews with former Uxin employees; (d) the drafting and submission of detailed complaints; and (e) motion practice

- 3 -

directed to the Complaint and to a discovery stay.  Accordingly, both the Plaintiffs and Defendants were well-positioned to evaluate the settlement value of the Actions.  The Stipulation has been entered into in good faith and is not collusive.

(ii)    If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

F.    Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interest of the Settlement Class Members in connection with the Settlement.

G.    Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT:**

1.    The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

2.    All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

3.    Upon the Effective Date, Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

4.      Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel, and each and all of the Settlement Class Members from all Released Defendants' Claims.

5.      All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice of Proposed Settlement of Class Action ("Notice") are deemed to have waived any objections by appeal, collateral attack, or otherwise.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

6.      All Settlement Class Members who have failed to properly submit requests for exclusion (requests to opt out) from the Settlement Class are bound by the terms and conditions of the Stipulation and this Judgment.

7.      [The requests for exclusion by the persons or entities identified in Exhibit 1 to this Judgment are accepted by the Court.]

8.      All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein.

9.      Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts any of the Released Claims against any of the Released Parties.

10.      Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)      Shall be offered or received against Defendants as evidence of, or evidence in support of, a presumption, concession, or admission with respect to any liability, negligence,

- 5 -

fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; however, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(b)    Shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable in this Action and the State Court Action would have exceeded the Settlement Fund; and

(c)    Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members and/or the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.    The Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Settlement Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Settlement Class Members to be heard with respect to the Plan of Allocation.

12.    The Court hereby finds that the Plan of Allocation is fair and reasonable and the Claims Administrator is directed to administer the Settlement in accordance with the Stipulation.

13.    The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement

Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

14.     Nothing in the Settlement restricts the ability of any Party to advocate in favor of or against the applicability of any offset to any claims asserted in any other action based on any amount paid to Authorized Claimants through the Settlement.

15.     The Court hereby awards Plaintiffs' Counsel attorneys' fees of ___% of the Settlement Amount, plus Plaintiffs' Counsel's expenses in the amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of the case and the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Settlement Class.

16.     The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Counsel from the Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

17.     Plaintiffs Saleh Doron Gahtan, Daniel Chiu, Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee are each awarded $_____ or $_____ in total.  Such reimbursement is appropriate considering their active participation as Plaintiffs in this Action and the State Court Action, as attested to by their declarations submitted to the Court.  These payments will be made from the Settlement Fund.

18.     In the event that the Stipulation is terminated in accordance with its terms: (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and (ii) this Action and the State Court Action shall proceed as provided in the Stipulation.

19.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and all other similar statutes.

20.    Without further order of the Court, the Parties may agree in writing to such amendments, modifications, and expansions of the Stipulation and reasonable extensions of time to carry out any of the provisions of the Stipulation, provided that such amendments, modifications, expansions, and extensions do not materially alter the rights of the Settlement Class Members or the Released Parties under the Stipulation.

21.    Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

22.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: _____          _____
                                    THE HONORABLE MARGO K. BRODIE

- 8 -