# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED,<br><br>Defendants. | Case No: 1:19-cv-0822-MKB-VMS |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019<br><br>Hon. Andrew Borrok<br><br>Commercial Division Part 53 |

**DECLARATION OF PATTY L. NOGALSKI REGARDING:**
**(A) MAILING OF THE NOTICE AND CLAIM FORM;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, PATTY L. NOGALSKI, declare as follows:

1. I am a Project Manager with A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant

to the Court's April 22, 2021, Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 51) (the "Preliminary Approval Order"), A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned actions (the "Actions").[1]  I am over 21 years of age and am not a party to the Actions.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

## DISSEMINATION OF THE NOTICE PACKET

2.        Pursuant to the Preliminary Approval Order, A.B. Data mailed the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Settlement Class Members and nominees.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.        On May 3, 2021, A.B. Data received from Defendants' Counsel an email with several data files containing a total of three unique names and addresses of potential Settlement Class Members.  On May 13, 2021, A.B. Data caused Notice Packets to be sent by First-Class Mail to those three potential Settlement Class Members.

4.        As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial purchasers.  A.B. Data maintains a proprietary database with names and addresses of the largest and most

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement dated April 2, 2021 (ECF No. 46) (the "Settlement Agreement").

common banks, brokers, and other nominees (the "Record Holder Mailing Database"). At the time of the initial mailing, the Record Holder Mailing Database contained 4,989 mailing records. On May 13, 2021, A.B. Data caused Notice Packets to be sent by First-Class Mail to the 4,989 mailing records contained in the Record Holder Mailing Database.

5.      In total, 4,992 Notice Packets were mailed to potential Settlement Class Members and nominees by First-Class Mail on May 13, 2021.

6.      The Notice directed those who purchased or sold Uxin ADSs during the Settlement Class Period for the beneficial interest of a person or entity other than themselves, within seven (7) calendar days of receipt of the Notice, to either: (a) within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notices and Proofs of Claim, forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or (c) within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners. *See* Notice.

7.      As of June 18, 2021, A.B. Data has received an additional 17,211 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. A.B. Data has also received requests from brokers and other

3

nominee holders for 17,799 Notice Packets to be forwarded directly by the nominees to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

8.    As of June 18, 2021, a total of 40,002 Notice Packets have been mailed to potential Settlement Class Members and nominees. In addition, A.B. Data has re-mailed 415 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to A.B. Data by the USPS.

## PUBLICATION OF THE SUMMARY NOTICE

9.    In addition, A.B. Data caused the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice") to be transmitted over *PR Newswire* on May 24, 2021. A copy of proof of publication of the Summary Notice transmitted over *PR Newswire* is attached hereto as Exhibit B.

## TELEPHONE HELPLINE

10.    On May 13, 2021, A.B. Data established a case-specific, toll-free telephone helpline, 1-877-777-9588, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Actions and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have the option to be transferred to a live operator during business hours. A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

## WEBSITE

11.    On May 13, 2021, A.B. Data established a website dedicated to the Settlement, www.UxinSecuritiesSettlement.com, to assist potential Settlement Class Members.  The website includes information regarding the Actions and the proposed Settlement, including the exclusion, objection, and claim filing deadlines, the date and time of the Court's Settlement Fairness Hearing, and the ability for claimants to file a claim online. Copies of the Notice, Claim Form, Settlement Agreement, Preliminary Approval Order, Complaints, and other documents related to the Actions are posted on the website and are available for downloading.  The website became operational on May 13, 2021, and is accessible 24 hours a day, 7 days a week.  A.B. Data will update the website as necessary through the administration of the Settlement.

## REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE

12.    The Notice informs potential Settlement Class Members that requests for exclusion from the Settlement Class are to be sent to the Claims Administrator, such that they are postmarked no later than July 12, 2021.  The Notice also sets forth the information that must be included in each request for exclusion.  As of June 25, 2021, A.B. Data has not received any requests for exclusion.  A.B. Data will submit a supplemental declaration after the July 12, 2021, deadline for requesting exclusion that will address all requests received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of June 2021, at Milwaukee, WI.

_____
PATTY L. NOGALSKI

5

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated, <br><br>     Plaintiff, <br><br>     v. <br><br> UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, <br><br>     Defendants. | Case No: 1:19-cv-0822-MKB-VMS |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019 <br><br> Hon. Andrew Borrok <br><br> Commercial Division Part 53 |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO:     ALL PERSONS WHO (I) PURCHASED OR OTHERWISE ACQUIRED UXIN LIMITED ("UXIN" OR THE "COMPANY") AMERICAN DEPOSITORY SHARES ("ADSs") FROM JUNE 27, 2018 THROUGH APRIL 16, 2019, INCLUSIVE; OR (II) PURCHASED OR OTHERWISE ACQUIRED UXIN ADSs PURSUANT OR TRACEABLE TO UXIN'S REGISTRATION STATEMENTS AND PROSPECTUS FOR UXIN'S JUNE 27, 2018 INITIAL PUBLIC OFFERING ("IPO").

    IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") BY AUGUST 11, 2021.

*A federal court has authorized this Notice. This is not attorney advertising.*

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Eastern District of New York (the "Court").  This Notice serves to inform you of the proposed settlement (the "Settlement") in the above-captioned class action lawsuit (the "Action") and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated April 1, 2021 (the "Stipulation"), by and between Plaintiffs Saleh Doron Gahtan and Daniel Chiu ("Federal Court Plaintiffs") and Plaintiffs Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee ("State Court Plaintiffs," and with the Federal Court Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Uxin, Kun Dai, Zhen Zeng, Rong Lu, Julian Cheng, Dou Shen and Hainan Tan (the "Uxin Defendants"), and Defendants Morgan Stanley & Co. International plc, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, China International Capital Corporation Hong Kong Securities Limited and China Renaissance Securities (Hong Kong) Limited (the "Underwriter Defendants" and with the Uxin Defendants, "Defendants"), by their respective counsel.[1] This Settlement also resolves the action pending in the Supreme Court of the State of New York styled as *In Re Uxin Limited Securities Litigation,* Index No. 650427/2019 (the "State Court Action," together with this Action, are referred to herein as the "Actions").

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide nine million five hundred thousand dollars ($9,500,000) (the "Settlement Amount") gross, plus interest as it accrues, minus any Court-awarded attorneys' fees, costs, administrative expenses, and net of any taxes on interest (the "Settlement Fund"), to pay claims of investors who purchased Uxin ADSs during the Settlement Class Period.

- Based on Plaintiffs' damages expert's estimate of the number of shares of publicly-traded Uxin ADSs that may have been affected by the alleged conduct at issue during the Settlement Class Period, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.05 per ADS for the approximately 189.7 million affected Uxin ADSs. This is not an estimate of the actual recovery per ADS you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Uxin ADSs, the purchase and sale prices, and the total number and amount of claims filed.

- Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs' Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Plaintiffs' Counsel will seek no more than $100,000 in litigation expenses, as well as an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs of no more than $2,000 each directly related to their representation of the Settlement Class. The estimated average cost for such fees and expense, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.017 per affected Uxin ADS.

---

[1] The Stipulation can be viewed and/or downloaded at www.UxinSecuritiesSettlement.com.  All capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **Submit a Proof of Claim and Release Form** | Proofs of Claim and Release Forms must be postmarked (if mailed) or received (if submitted online) on or before August 11, 2021. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **July 12, 2021.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than **July 12, 2021**, about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on **September 7, 2021**. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Actions.** |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated April 1, 2021 (the "Settlement Stipulation").

## WHAT IS THIS LAWSUIT ABOUT?

### I.      THE ALLEGATIONS

Uxin is the largest used car e-commerce platform in China.  As of the IPO, the Company had two primary business segments: (i) Uxin used cars (known as "2C"), which provides consumers with customized car recommendations, financing, title transfer, delivery, insurance, and other related services for used cars; and (ii) Uxin auction ("2B"), which facilitates online auctions for used cars.  Within the 2B business, Uxin further distinguished between used car sales to businesses ("B2B") and consumers ("C2B").  In the Actions, Plaintiffs allege three theories of liability against Defendants. First, Plaintiffs allege that the offering documents failed to disclose that Uxin would stop providing critical inspections in its 2B business shortly after the IPO.  Second, Plaintiffs allege that numerous aspects of Uxin's financial and operational data reported by Uxin were materially inaccurate, including, among other things, that Uxin's revenue and revenue growth, transaction volume and vehicle inventory were overstated, and materially understating Uxin's debt, including by not reporting up to $3.6 billion of debt held by the Company's wholly owned subsidiary, The Kai Feng Finance Lease (Hangzhou) Co., Ltd.  Third, the Federal Court Plaintiffs also allege that the offering documents misrepresented Uxin's business model; specifically, that Uxin did not just provide an online platform for used car transactions, but rather, also held its own inventory of used cars for sale.  As described below, the State Court Plaintiffs assert claims under the Securities Act of 1933 (the "Securities Act"), and the Federal Court Plaintiffs assert claims under both the Securities Act and the Securities Exchange Act of 1934 (the "Exchange Act").

Defendants deny all of Plaintiffs' allegations. Without limiting the generality of the foregoing in any way, Defendants have denied and continue to deny, among other things, that any misstatements or materially misleading

omissions were made or that Plaintiffs or the Settlement Class have suffered any damages. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Actions, or any facts related thereto.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFFS OR TO THE SETTLEMENT CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTIONS OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THE ACTIONS AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## II.     PROCEDURAL HISTORY

### The State Court Action:

On January 22, 2019, one of the Plaintiffs filed a putative class action in the Supreme Court of the State of New York ("State Court") against Defendants alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act on behalf of all persons who purchased or otherwise acquired Uxin ADSs pursuant or traceable to Uxin's Registration Statement and Prospectus issued in connection with Uxin's June 27, 2018 IPO. Additional complaints were filed by State Court Plaintiffs between January 25 and 31, 2019, and a joint Amended Complaint was filed on March 21, 2019. Another State Court Plaintiff filed a complaint on April 30, 2019.

On July 7, 2019, the State Court granted certain parties' joint stipulation to consolidate the five pending cases and appointed Robbins Geller Rudman & Dowd LLP, Wolf Haldenstein Adler Freeman & Herz LLP, Glancy Prongay & Murray LLP, and Hach Rose Schirripa & Cheverie LLP as lead counsel ("State Court Lead Counsel"). On August 5, 2019, the State Court Plaintiffs filed their Consolidated Amended Complaint. On July 15, 2019, the State Court denied certain Defendants' motion to stay the State Court Action in favor of the Action.

On August 6, 2019, the State Court denied certain Defendants' motion to stay discovery in the State Court Action because there was no pending motion to dismiss the Complaint. On March 9, 2020, the State Court partially denied certain Defendants' motion to dismiss the State Court action, ordered Defendants to answer the State Court Complaint by April 8, 2020, and set a preliminary conference for April 13, 2020. Due to the impact of COVID-19, the conference was rescheduled to July 15, 2020, and certain Defendants filed their Answers on July 10, 2020.

On March 12, 2020, certain Defendants filed a Notice of Appeal from the State Court's order partially denying their motion to dismiss the State Court Action, and on May 4, 2020, the State Court Plaintiffs filed a Notice of Cross-Appeal. Certain Defendants filed their Joint Brief and the record on July 13, 2020, the State Court Plaintiffs filed their Joint Brief on August 12, 2020, certain Defendants filed their Reply Brief on August 21, 2020 and the State Court Plaintiffs filed their Reply Brief on August 31, 2020.

Pursuant to the Case Management Order in the State Court Action stipulated to by the parties and so Ordered by the Court on July 27, 2020, fact discovery proceeded. During a conference in the State Court Action on October 7, 2020, the State Court stated that it would not stay discovery pending the outcome of the appeal in the State Court Action. The State Court urged the parties to continue with discovery and stated that the Court would allow a brief extension of the then-existing deadlines. Certain parties submitted a stipulation providing for an extension of the remaining items in the Case Management Scheduling Order, which the State Court signed on October 14, 2020.

On November 10, 2020, the State Court Plaintiffs filed their motion for class certification. Certain Defendants were to file their answering papers on December 24, 2020, but, in light of the agreement in principle to settle the claims in this litigation as described below, the parties in the State Court Action agreed to adjourn those dates.

### The Federal Court Action:

On February 11, 2019, a putative class action complaint was filed in this Court which asserted claims under the Securities Act against the same Defendants named in the State Court Action. On August 14, 2019, United States District Judge Brodie entered an order appointing Saleh Doron Gahtan ("Gahtan") as Lead Plaintiff, approving Gahtan's selection of The Rosen Law Firm, P.A. as Lead Counsel.

On October 25, 2019, Gahtan and named plaintiff Daniel Chiu filed an amended complaint (the "Federal Court Complaint"). The Federal Court Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act as well as claims against the Uxin Defendants under Sections 10(b) and 20 of the Exchange Act and Rule 10b-5 promulgated thereunder. The Federal Court Complaint was brought on behalf of all purchasers of Uxin ADSs from June 27, 2018 through April 15, 2019, inclusive.

On January 10, 2020, certain Defendants served their motion to dismiss the Federal Court Complaint for failure to state a claim, which was subsequently joined by other Defendants. The motion to dismiss was fully briefed on April 24, 2020.

On May 5, 2020, the parties applied to the Court to stay that action pending outcome of a mediation agreed to by the parties. The Court granted the application on May 6, 2020. At the parties' request, the Court lifted the stay on September 4, 2020, but the Court entered a second stay on December 10, 2020 due to the parties' representation that they reached a settlement in the litigation.

**Settlement Negotiations:**

On June 5, 2020, after exchanging detailed mediation briefs, the Federal Court Plaintiffs, State Court Plaintiffs, and Uxin Defendants attended an all-day virtual mediation, a respected mediator with substantial experience mediating complex securities class actions. The Parties were unable to reach a settlement at the mediation session. However, the Parties and the mediator continued to engage in negotiations over the next six months in an effort to achieve a global resolution of the Actions. Ultimately, on December 10, 2020, after lengthy negotiations, the Parties agreed to the $9,500,000 Settlement, subject to Court approval.

## HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?

If you purchased or acquired Uxin ADSs during the Settlement Class Period, or pursuant or traceable to Uxin's IPO, you are a Settlement Class Member. As set forth in the Stipulation, excluded from the Settlement Class are Defendants, the officers, directors of Uxin or the Underwriter Defendants (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before August 11, 2021.

## WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $9,500,000. The Settlement Amount, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement Fund, as well as attorneys' fees and expenses, and the payment to Plaintiffs for representing the Settlement Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Actions.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each Uxin ADS purchased or otherwise acquired during the Settlement Class Period or traceable or pursuant to Uxin's IPO. The calculation of a Recognized Loss will depend upon several factors, including when the shares were purchased or otherwise

acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Settlement Class Members send in and how many Uxin ADSs you purchased or otherwise acquired during the Settlement and/or pursuant or traceable to Uxin's IPO, and whether you sold any of those shares and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall receive a proportionate share of the Net Settlement Fund determined by a fraction, the numerator of which shall be the Authorized Claimants' Recognized Loss on all Uxin ADSs purchased during the Settlement Class Period and the denominator of which shall be the aggregate Recognized Loss of all Authorized Claimants.

The Recognized Loss on all Uxin ADSs purchased by each Authorized Claimant on or *before* January 18, 2019 [last trading day before initial complaint filed] shall be the purchase price per share (net of commissions and not to exceed $9.00) paid for the ADSs minus the *lower* of:
  (i) the market prices (also net of commissions) at which the ADSs were sold, as determined on a first-in-first-out basis,* or
  (ii) $3.35 [closing price on 1/18/2019, the last trading day before initial complaint filed] per share.

The Recognized Loss on all Uxin ADSs purchased by each Authorized Claimant *after* January 18, 2019, shall be the purchase price per share (net of commissions) paid for the ADSs minus the *greater* of:
  (i) the price per share (also net of commissions) at which the ADSs were sold, as determined on a first-in-first-out basis,* or
  (ii) $3.35 per share.

*Uxin ADSs held at the close of trading on July 15, 2019 or sold thereafter are assigned a value of $2.40 per share.[2]

**NOTE:**

A purchase, acquisition or sale of Uxin ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Uxin ADSs during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Uxin ADSs for the calculation of a claimant's Recognized Loss nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Uxin ADSs during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of Uxin ADSs. The covering purchase of a short sale is not an eligible purchase or acquisition.

With respect to Uxin ADSs purchased or sold through the exercise of an option, the purchase/sale date of the shares is the exercise date of the option and the purchase/sale price of the shares is the exercise price of the option. Any Recognized Loss arising from purchases of Uxin ADSs acquired during the Settlement Class Period through the exercise of an option on Uxin ADSs shall be computed as provided for other purchases of Uxin ADSs in the Plan of Allocation.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $2.40 per ADS was the mean (average) daily closing trading price of Uxin ADSs during the 90-day period beginning on April 16, 2019 and ending on July 15, 2019.

Questions? Visit www.UxinSecuritiesSettlement.com or call 1-877-777-9588.                6 of 13

The total of all profits shall be subtracted from the total of all losses from transactions during the Settlement Class Period to determine if a Settlement Class Member has a Recognized Loss. Only if a Settlement Class Member had a net market loss, after all profits from transactions in Uxin ADSs during the Settlement Class Period are subtracted from all losses, will such Settlement Class Member be eligible to receive a distribution from the Net Settlement Fund.

If an Authorized Claimant has an overall market gain, the Recognized Loss for that Authorized Claimant will be $0.00. If an Authorized Claimant has an overall market loss, that Authorized Claimant's Recognized Loss will be limited to the amount of overall market loss. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Loss of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to appropriate non-profit organizations.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask Lead Counsel to request that the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, decide the issue.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, any Claims Administrator, any other Person designated by Plaintiffs' Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## DO I NEED TO CONTACT PLAINTIFFS' COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Plaintiffs' Counsel. If your address changes, please contact the Claims Administrator at:

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217
Tel.: 877-777-9588

## THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after a thorough investigation by Plaintiffs' Counsel and briefing on the Defendants' motions to dismiss. The Court has not reached any final decisions in connection with Plaintiffs' claims against Defendants. Instead, Plaintiffs and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a

highly respected mediator of complex class actions.  In reaching the Settlement, the Parties have avoided the cost, delay and uncertainty of further litigation.

As in any litigation, Plaintiffs and the proposed Settlement Class would face an uncertain outcome if they did not agree to the Settlement.  The Parties expected that the case could continue for a lengthy period of time and that if Plaintiffs succeeded, Defendants would file appeals that would postpone final resolution of the case.  Continuation of the Actions against Defendants could result in a judgment greater than this Settlement.  Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiffs and Plaintiffs' Counsel believe that this Settlement is fair and reasonable to the members of the Settlement Class. They have reached this conclusion for several reasons.  Specifically, if the Settlement is approved, the Settlement Class will receive a certain and immediate monetary recovery.  Additionally, Plaintiffs' Counsel believe that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay and uncertainty of continued litigation, are a very favorable result for the Settlement Class.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The following attorneys are counsel for the Settlement Class:

| | |
|---|---|
| Michael G. Capeci<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone: (631) 367-7100 | Laurence Rosen<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Telephone: (212) 686-1060 |
| Frank R. Schirripa<br>HACH ROSE SCHIRRIPA<br>& CHEVERIE LLP<br>112 Madison Avenue, 10th Floor<br>New York, New York 10016<br>Telephone: (212) 213-8311 | *Counsel for Federal Court Plaintiffs* |

Daniella Quitt
GLANCY PRONGAY & MURRAY LLP
712 Fifth Avenue, 31st floor
New York, NY  10019
Telephone: (212) 935-7400

Mark Rifkin
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY  10016
Telephone: (212) 686-0114

*Counsel for State Court Plaintiffs*

If you have any questions about the Actions, or the Settlement, you are entitled to consult with Plaintiffs' Counsel by contacting counsel at the phone numbers listed above.

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217
Tel.: 877-777-9588

## HOW WILL THE PLAINTIFFS' LAWYERS BE PAID?

Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs' Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Plaintiffs' Counsel will request payment of their litigation expenses, not to exceed $100,000, as well as an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs of no more than $2,000 each directly related to their representation of the Settlement Class.[3]

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Plaintiffs' Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes. If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or "opting out" of, the Settlement Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Settlement Class, you must send a signed letter by mail saying that you want to be excluded from the Settlement Class in *Machniewicz v. Uxin Limited, et al.*, No. 19-cv-822-MKB-VMS (E.D.N.Y.). Be sure to include your name, address, telephone number, and the date(s), price(s), and number of shares of Uxin ADSs that you purchased or acquired during the Settlement Class Period (June 27, 2018 through April 16, 2019, inclusive). Your exclusion request must be **postmarked no later than July 12, 2021**, and sent to the Claims Administrator at:

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217
Tel.: 877-777-9588

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in the Actions.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Settlement Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs and expenses, Plaintiffs' request for payment for representing the Settlement Class, and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Settlement Class membership, and signed by you on your own behalf with the Court and send a copy to one of Plaintiffs' Counsel and one of Defendants' Counsel, at the addresses listed below **by July 12, 2021**. The Court's address is Clerk of the Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201; Plaintiffs' Counsel's address is Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 and Laurence Rosen, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016; Uxin Defendants' Counsel's address is Robert A. Fumerton, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001; and

---

[3] Plaintiffs' Counsel will allocate the attorneys' fees awarded among Lead Counsel, State Court Lead Counsel, Johnson Fistel LLP, and The Schall Law Firm.

Questions? Visit www.UxinSecuritiesSettlement.com or call 1-877-777-9588.                    9 of 13

Underwriter Defendants' Counsel is Jonathan Youngwood, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017.

Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or Plaintiffs' Counsel's request for an award of attorneys' fees and expenses. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice. A Proof of Claim is enclosed with this Notice and also may be downloaded at www.UxinSecuritiesSettlement.com. Read the instructions carefully; fill out the Proof of Claim; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than August 11, 2021**. The Proof of Claim may be submitted online at www.UxinSecuritiesSettlement.com. If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Parties from all Released Claims.

- "Related Parties" means each of a Defendant's past, present or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective present or former directors, officers, employees, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations and other entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors-in-interest or assigns of the Defendants.

- "Released Parties" means Defendants and each and all of their Related Parties.

- "Released Claims" means all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including "Unknown Claims" as defined below, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common or administrative, or any other law, statute,

rule, or regulation, both (a) arising out of or related to the facts which were alleged or which could have been alleged by Plaintiffs or any member of the Settlement Class against the Released Parties; and (b) arising out of or related to the purchase, acquisition, holding, sale, disposition, transfer, investment in or other transaction of Uxin ADSs during the Class Period, including without limitation the purchase or other acquisition of Uxin ADSs pursuant or traceable to the Registration Statement or Prospectus for Uxin's IPO; provided, however, the Released Claims do not include any claims or obligations arising out of any indemnity agreements between and among the Company and the Underwriter Defendants. "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Actions (including Unknown Claims), except claims to enforce any of the terms of this Stipulation.

- "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement. The above description of the proposed Settlement is only a summary.

The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.UxinSecuritiesSettlement.com or by contacting Plaintiffs' Counsel listed on Page 10 above.

### THE SETTLEMENT FAIRNESS HEARING

The Court will hold a Settlement Fairness Hearing on September 7, 2021, at 10:00 a.m., before the Honorable Margo K. Brodie at the U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 6F, Brooklyn, NY 11201, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $9,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to pay Plaintiffs for their efforts in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Fairness Hearing without further notice to members of the Settlement Class. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.UxinSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Fairness Hearing by telephone, the phone

number for accessing the telephonic conference will be posted to the Settlement website.

Any Settlement Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Settlement Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Fairness Hearing, with the Court no later than July 12, 2021, and showing proof of service on the following counsel:

|  |  |
|---|---|
| Laurence Rosen | Michael G. Capeci |
| THE ROSEN LAW FIRM, P.A. | ROBBINS GELLER RUDMAN & DOWD LLP |
| 275 Madison Avenue, 40th Floor | 58 South Service Road, Suite 200 |
| New York, NY 10016 | Melville, NY  11747 |
| *Counsel for the Federal Court Plaintiffs* | |
| | Daniella Quitt |
| | Glancy Prongay & Murray LLP |
| | 712 Fifth Avenue, 31st floor |
| | New York, NY  10019 |
| | *Counsel for the State Court Plaintiffs* |
| Robert A. Fumerton | Jonathan Youngwood |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SIMPSON THACHER & BARTLETT LLP |
| One Manhattan West | 425 Lexington Avenue |
| New York, NY 10001 | New York, NY 10017 |
| *Counsel for the Uxin Defendants* | *Counsel for the Underwriter Defendants* |

Unless otherwise directed by the Court, any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than July 12, 2021.

## INJUNCTION

The Court has issued an order enjoining all Settlement Class Members from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Party, pending final determination by the Court of whether the Settlement should be approved.

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If, during the Settlement Class Period, you purchased or sold Uxin ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: **(a)** within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice and Proof of Claim forward them to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.20 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.05 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

DATED: May 13, 2021                BY ORDER OF THE UNITED STATES DISTRICT COURT
                                   FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
*Machniewicz v. Uxin Limited, et al.* No. 1:19-cv-0822-MKB-VMS

## I.  GENERAL INSTRUCTIONS

1.     To recover as a Settlement Class Member based on the claims in the actions titled *Machniewicz v. Uxin Limited, et al.* No. 1:19-cv-0822-MKB-VMS (E.D.N.Y.) and *In re Uxin Limited Sec. Litig.*, Index No. 650427/2019 (Sup. Ct. N.Y. Cty.) (the "Actions"),[1] you must complete and, on page 6 hereof, sign this Proof of Claim.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Actions.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE AUGUST 11, 2021**, ADDRESSED AS FOLLOWS:

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217
Tel.: 877-777-9588

If you are NOT a Settlement Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.     If you are a Settlement Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Actions, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.  CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you (i) purchased or otherwise acquired Uxin ADSs from June 27, 2018 through April 16, 2019, inclusive, or (ii) purchased or otherwise acquired Uxin ADSs pursuant or traceable to Uxin's Registration Statements and Prospectus for Uxin's IPO.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquiror of record ("nominee") of the Uxin ADSs that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE UXIN ADSs UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

---

[1]  This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.UxinSecuritiesSettlement.com.

III.    **CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in Uxin ADSs" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases and acquisitions of Uxin ADSs that took place between June 27, 2018, and July 15, 2019, inclusive, and ***all*** of your sales of Uxin ADSs on or after June 27, 2018, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to the number of shares of Uxin ADSs you held at the close of trading on April 16, 2019, and on July 15, 2019.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Uxin ADSs.  The date of a "short sale" is deemed to be the date of sale of Uxin ADSs.

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN UXIN ADSs SHOULD BE ATTACHED TO YOUR CLAIM.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you may visit the Settlement website at www.UxinSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@UxinSecuritiesSettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**August 11, 2021**

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN UXIN ADSs. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

**Part I: CLAIMANT IDENTIFICATION**

Beneficial Owner's Name

First Name                                                    Last Name

Joint Beneficial Owner's Name *(if applicable)*

First Name                                                    Last Name

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable *(executor, administrator, trustee, c/o, etc.)*, if different from Beneficial Owner

Social Security Number          or          Taxpayer Identification Number

Street Address

City                                      State/Province    Zip Code

Foreign Postal Code *(if applicable)*          Foreign Country *(if applicable)*

Telephone Number (Day)                    Telephone Number (Evening)

Email Address (email address is not required, but, if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)    ☐ Corporation    ☐ UGMA Custodian    ☐ IRA

☐ Partnership    ☐ Estate    ☐ Trust    ☐ Other describe: _____

Questions? Visit www.UxinSecuritiesSettlement.com or call 1-877-777-9588.                    3 of 7

**PART II:      SCHEDULE OF TRANSACTIONS IN UXIN ADSs**

| A.  PURCHASES/ACQUISITIONS OF UXIN ADSs – JUNE 27, 2018, THROUGH JULY 15, 2019, INCLUSIVE | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (Excluding commissions, taxes, and fees) | Confirm Proof of Purchase/Acquisition Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

IMPORTANT:        (i)  If any purchase listed covered a "short sale," please mark "Yes": □ Yes

(ii)  If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

_____/_____/_____                _____              _____
MM  DD YYYY                          Merger Shares                      Company

| B.  SALES OF UXIN ADSs FROM JUNE 27, 2018, THROUGH JULY 15, 2019, INCLUSIVE | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (Excluding commissions, taxes, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| C.  NUMBER OF SHARES OF UXIN ADSs HELD AS OF CLOSE OF TRADING ON APRIL 16, 2019: _____ | | | | Confirm Proof of Holding Position Enclosed ○ |
| D.  NUMBER OF SHARES OF UXIN ADSs HELD AS OF CLOSE OF TRADING ON JULY 15, 2019: _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**YOU MUST READ AND SIGN THE RELEASE ON PAGES 5-6.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Actions. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Uxin ADSs during the relevant period and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Parties," defined as Defendants and each and all of their Related Parties.

2.    "Related Parties" means each of a Defendant's past, present or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective present or former directors, officers, employees, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations and other entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

3.    "Released Claims" means all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including "Unknown Claims" as defined below, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common or administrative, or any other law, statute, rule, or regulation, both (a) arising out of or related to the facts which were alleged or which could have been alleged by Plaintiffs or any member of the Settlement Class against the Released Parties; and (b) arising out of or related to the purchase, acquisition, holding, sale, disposition, transfer, investment in, or other transaction of Uxin ADSs during the Class Period, including without limitation the purchase or other acquisition of Uxin ADSs pursuant or traceable to the Registration Statement or Prospectus for Uxin's IPO; provided, however, the Released Claims do not include any claims or obligations arising out of any indemnity agreements between and among the Company and the Underwriter Defendants. "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Actions (including Unknown Claims), except claims to enforce any of the terms of this Stipulation.

4.    "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date,  shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement.

5.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Uxin ADSs that occurred during the relevant period, as well as the number of shares held by me (us) at the close of trading on April 16, 2019.

7.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.  (Note: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in this paragraph.)

I (We) declare under penalty of perjury under the laws of the State of New York that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.


Executed this _____ day of _____, in _____, _____.
                    (Month / Year)         (City)       (State/Country)


_____    _____
Signature of Claimant                                                        Signature of Joint Claimant, if any


_____    _____
Print Name of Claimant                                                      Print Name of Joint Claimant, if any


_____
Capacity of person(s) signing (*e.g.*, Beneficial Purchaser, Executor, or Administrator)

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

## COURT APPROVED NOTICE REGARDING
*In re Uxin Limited Securities Litigation Settlement*

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.
2. Remember to attach copies of supporting documentation.
3. **Do not send** originals of certificates or other documentation as they will not be returned.
4. Keep a copy of your Proof of Claim and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send your new address to the address below.
7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN AUGUST 11, 2021, ADDRESSED AS FOLLOWS:**

Uxin Limited Securities Litigation Settlement
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217
Tel.: 877-777-9588

Questions? Visit www.UxinSecuritiesSettlement.com or call 1-877-777-9588.          7 of 7

# EXHIBIT B

# Robbins Geller Rudman & Dowd LLP, and The Rosen Law Firm, P.A. Announce Proposed Class Action Settlement in the Uxin Limited Securities Litigation

NEWS PROVIDED BY

**Robbins Geller Rudman & Dowd LLP, and The Rosen Law Firm, P.A. →**
May 24, 2021, 10:00 ET

NEW YORK, May 24, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Patrick Machniewicz, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED,<br><br>      Defendants. | Case No: 1:19-cv-0822-MKB-VMS<br><br><u>CLASS ACTION</u> |

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019<br><br>Hon. Andrew Borrok<br><br>Commercial Division Part 53 |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED**

<u>**CLASS ACTION SETTLEMENT**</u>

**TO:    all persons who (i) purchased or otherwise acquired UXIN LIMITED ("UXIN" or the "Company") AMERICAN DEPOSITORY SHARES ("Adss") FROM June 27, 2018 through April 16, 2019, inclusively (THE "SETTLEMENT CLASS PERIOD"); or (Ii) purchased or otherwise acquired Uxin Adss pursuant or traceable to Uxin's Registration Statements and Prospectus for Uxin's June 27, 2018 initial public offering ("IPO").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on September 7, 2021, at 10:00 a.m., before the Honorable Margo K. Brodie, U.S. District Court, Eastern District of New York, 225 Cadman Plaza East, Courtroom 6F, Brooklyn, New York 11201, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as well as the action pending in the Supreme Court of the State of New York, County of New York, styled as *In re Uxin Limited Securities Litigation,* Index No. 650427/2019 (Sup. Ct. N.Y. Cty.) ("State Court Action") as set forth in the Stipulation of Settlement ("Stipulation")[1] for $9,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below), and, if so, in what amount; (4) to award Plaintiffs for representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

This Action and the State Court Action are securities class actions brought on behalf of those persons who purchased or acquired Uxin ADSs during the Settlement Class Period or pursuant or traceable to Uxin's Registration Statements and Prospectus for Uxin's IPO, against Uxin, certain of its officers, directors, and underwriters of Uxin's IPO (collectively, "Defendants") for, among other things, allegedly misstating and omitting material facts from the Registration Statement and Prospectus filed with the U.S. Securities and Exchange Commission in

connection with the IPO.  Plaintiffs allege that these purportedly false and misleading statements inflated the price of the Company's ADSs, resulting in damage to Settlement Class Members when the truth was revealed.  Defendants deny all of Plaintiffs' allegations.

IF YOU PURCHASED OR ACQUIRED UXIN ADSs (I) BETWEEN June 27, 2018 THROUGH AND INCLUDING April 16, 2019, OR (II) PURSUANT OR TRACEABLE TO UXIN'S REGISTRATION STATEMENT AND PROSPECTUS FOR UXIN's IPO, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION AND THE STATE COURT ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail **(postmarked no later than August 11, 2021)** or electronically **(no later than August 11, 2021)**.  Your failure to submit your Proof of Claim by August 11, 2021, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action and the State Court Action.  If you are a member of the Settlement Class and do not request exclusion therefrom, you will be bound by the Settlement and any judgment and release entered in the Action and the State Court Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.UxinSecuritiesSettlement.com, or by writing to:

Uxin Limited Securities Litigation Settlement

c/o A.B. Data, Ltd.

P.O. Box 173073

Milwaukee, WI 53217

Tel.: 877-777-9588

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court. Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Plaintiffs' Counsel:

| Michael G. Capeci | Laurence Rosen |
|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP | THE ROSEN LAW FIRM, P.A. |
| 58 South Service Road, Suite 200 | 275 Madison Avenue, 40th Floor |
| Melville, NY  11747 | New York, NY 10016 |
| Telephone:  (631) 367-7100 | Telephone: (212) 686-1060 |

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY JULY 12, 2021**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR THE AWARDS TO PLAINTIFFS FOR REPRESENTING THE SETTLEMENT CLASS.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY JULY 12, 2021**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED:  MAY 24, 2021     BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

[1]The Stipulation can be viewed and/or obtained at www.UxinSecuritiesSettlement.com.

SOURCE Robbins Geller Rudman & Dowd LLP, and The Rosen Law Firm, P.A.