# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK MACHNIEWICZ, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG), LIMITED,<br><br>Defendants. | 19-cv-00822-MKB-VMS<br><br>Hon. Margo K. Brodie<br><br>Hon. Vera M. Scanlon |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019<br><br>Hon. Andrew Borrok<br><br>Commercial Division Part 53 |

**DECLARATION OF LAURENCE ROSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES FILED ON BEHALF OF THE ROSEN LAW FIRM, P.A.**

I, Laurence Rosen, declare as follows:

1.      I am the Managing Partner of The Rosen Law Firm, P.A. My firm served as Lead Counsel for the Federal Court Plaintiffs in the Federal Court Action.[1]  I submit this declaration in support of Plaintiffs' application for an award of attorneys' fees and expenses in connection with the Actions.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      My firm was involved in all aspects of the Federal Court Action and the Settlement. Among other things, my firm performed the following services: (a) researched, drafted, and filed the initial complaint in the Federal Court Action; (b) briefed the motion for appointment of lead plaintiff and lead counsel; (c) retained and supervised private investigators and consulted with experts; (d) researched, drafted, and filed the operative Amended Complaint; (e) researched, drafted, and filed an opposition to Defendants' motion to dismiss; (f) participated in a mediation with Robert A. Meyer of JAMS, including drafting a detailed mediation statement; (g) reviewed Defendants' mediation statement; (h) continued settlement negotiations after the mediation did not result in a settlement; (i) negotiated terms of the Settlement; (j) drafted and negotiated written Settlement documents, including a motion for preliminary approval of the Settlement; (k) oversaw the provision of Notice to the Settlement Class and monitored the work of the Claims Administrator.

3.      The information in this declaration regarding the firm's time and expenses is taken from time and expense reports prepared and maintained by the firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and reviewed these reports (and backup documentation where necessary or

---

[1]      Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement, dated April 1, 2021 (ECF No. 46).

1

appropriate).  The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation.  I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought (both set forth below) are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.  No time expended on the application for fees and reimbursement of expenses has been included.

4.      The Lodestar Chart attached as Exhibit 1 summarizes the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of this litigation billed ten or more hours to the litigation, and the lodestar calculation for those individuals based on my firm's current billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.

5.      The hourly rates for the attorneys and professional support staff in my firm as shown in the Lodestar Chart are consistent with the rates approved by courts in other securities or shareholder litigation.

6.      The total number of hours reflected in the Lodestar Chart is **539.45** hours.  The total lodestar reflected in the Lodestar Chart is **$388,845.25** consisting of $387,415.25 for attorneys' time and $1,430.00 for professional support staff time.  My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      My firm's expenses in connection with the prosecution of the litigation are **$25,917.21**.  The firm will be compensated for those expenses solely from the amount awarded by the Court.  Those expenses are summarized in Exhibit 2.

8.      The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

9.      My firm's resume was previously submitted to the Court as ECF No. 7-4.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed this 28th day of June 2021 in New York, New York.

*/s/ Laurence Rosen*
Laurence Rosen

**EXHIBIT 1**

**LODESTAR CHART**

| TIMEKEEPER/CASE | STATUS | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **ATTORNEYS:** | | | | |
| Laurence Rosen | Partner | 40.95 | $995 | $40,745.25 |
| Phillip Kim | Partner | 6.80 | $925 | $6,290.00 |
| Yu Shi | Associate | 479.70 | $700 | $335,790.00 |
| Erica Stone | Associate | 6.80 | $675 | $4,590.00 |
| **TOTAL ATTORNEY** | | **534.25** | | **$387,415.25** |
| **PARAPROFESSIONALS:** | | | | |
| Zachary Stanco | Paralegal | 5.20 | $275 | $1,430.00 |
| **TOTAL PARAPROFESSIONALS** | | **5.20** | | **$1,430.00** |
| **TOTAL LODESTAR** | | **539.45** | | **$388,845.25** |

4

**EXHIBIT 2**

**EXPENSE CHART**

| ITEM | AMOUNT |
|---|---|
| COURIER & SPECIAL POSTAGE | $233.32 |
| COURT FILING FEES | $645.00 |
| EXPERTS | $9.717.00 |
| INVESTIGATORS | $6,000.00 |
| MEDIATION FEES | $4,166.91 |
| ONLINE RESEARCH | $472.63 |
| PHOTOCOPYING/IMAGING | $37.75 |
| PRESS RELEASES/NOTICE TO CLASS MEMBERS | $2,170.00 |
| SERVICE OF PROCESS | $660.00 |
| TRANSLATION FEES | $1,814.60 |
| **GRAND TOTAL** | **$25,917.21** |