# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated, <br><br>     Plaintiff, <br><br>     v. <br><br> UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, <br><br>     Defendants. | Case No. 1:19-CV-0822-MKB-VMS <br><br> <u>CLASS ACTION</u> |
| **SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK** <br><br> IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019 <br><br> Hon. Andrew Borrok <br><br> Commercial Division Part 53 |

## DECLARATION OF MICHAEL G. CAPECI IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP

4814-1300-6064.v1

I, MICHAEL G. CAPECI, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"). My firm, along with Hach Rose Schirripa & Cheverie LLP, Glancy Prongay & Murray LLP and Wolf Haldenstein Adler Freeman & Herz, LLP, served as Lead Counsel for the State Court Plaintiffs in the State Court Action.[1] I submit this declaration in support of Plaintiffs' application for an award of attorneys' fees and expenses in connection with the Actions. I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      Robbins Geller, as State Court Lead Counsel, was involved in all aspects of the State Court Action and the Settlement. Among other things, my firm performed the following services in collaboration with State Court Lead Counsel: (i) reviewing and analyzing publicly available information concerning Uxin Limited ("Uxin" or the "Company"), including Uxin's SEC filings, press releases, other public statements issued by Defendants, media and news reports about the Company, and publicly-available stock trading data relating to Uxin; (ii) drafting the initial complaint filed by plaintiff Kyle Buckley; (iii) drafting the Complaint; (iv) opposing Defendants' motion to stay discovery; (v) opposing Defendants' motion to dismiss the Action; (vi) briefing the appeal and cross-appeal of the partial denial of Defendants' motion to dismiss; (vii) briefing Plaintiffs' opening motion for class certification; and (viii) preparing for and participating in the mediation and the post-mediation negotiations.

3.      To avoid duplicating effort, State Court Lead Counsel worked collaboratively and cooperatively to allocate primary responsibility for tasks to specific firms. The other firms then reviewed and edited the work, if, and as necessary. I kept in regular contact with the partners

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement, dated April 1, 2021 (ECF No. 46).

- 1 -

from the other co-lead counsel throughout the litigation to ensure that the litigation was proceeding as efficiently as possible.

4.      I, along with other State Court Lead Counsel, also coordinated with Lead Counsel in the Federal Court Action to negotiate the Settlement with Defendants.  Because of the automatic stay of proceedings in the Federal Court Action during the pendency of the Defendants' motion to dismiss the federal Complaint, no duplicative discovery or other proceedings took place between the Federal Court Action and State Court Action.

5.      The information in this declaration regarding Robbins Geller's time and expenses is taken from time and expense reports prepared and maintained by the firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and reviewed these reports (and backup documentation where necessary or appropriate).  The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation.  As a result of these reviews, reductions were made to both time and expenses in the exercise of "billing judgment" and I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought (both set forth below) are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.  No time expended on this application for fees and expenses has been included.

6.      The Lodestar Chart attached as Exhibit 1 summarizes the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of this litigation, billed ten or more hours to the litigation, and the lodestar calculation for those

4814-1300-6064.v1

individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in their final year of employment by my firm.

7. The hourly rates for the attorneys and professional support staff in my firm as shown in the Lodestar Chart are consistent with the rates approved by courts in other securities or shareholder litigation.

8. The total number of hours reflected in the Lodestar Chart is 595 hours. The total lodestar reflected in the Lodestar Chart is $442,340.00 consisting of $432,515.00 for attorneys' time and $9,825.00 for professional support staff time.

9. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

10. My firm's expenses in connection with the prosecution of the litigation are $5,270.87. The firm will be compensated for those expenses solely from the amount awarded by the Court. Those expenses are summarized in Exhibit 2.

11. My firm maintained a litigation expense fund for certain common expenses in connection with the State Court Action. The category entitled "Litigation Fund Contribution" in each plaintiffs' counsel's fee and expense declaration represents contributions to this expense fund. A breakdown of the contributions to and payments made from the litigation expense fund is attached as Exhibit 3.

12. The expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

- 3 -

13.     Robbins Geller's firm resume was previously submitted to the Court as ECF No. 49-2.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed this 28th day of June, 2021, in Melville, New York.

_____
MICHAEL G. CAPECI

- 4 -

4814-1300-6064.v1

# EXHIBIT 1

**EXHIBIT 1**

**LODESTAR REPORT**

*In re Uxin Limited Securities Litigation*; Index No. 650427/2019
Robbins Geller Rudman & Dowd LLP
Inception through May 12, 2021

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Capeci, Michael G. | (P) | 352.70 | 765 | $ 269,815.50 |
| Cochran, Brian E. | (P) | 15.90 | 760 | 12,084.00 |
| Gusikoff Stewart, Ellen A. | (P) | 19.80 | 1,080 | 21,384.00 |
| Love, Andrew S. | (P) | 53.30 | 1,150 | 61,295.00 |
| Rudman, Samuel H. | (P) | 15.50 | 1,325 | 20,537.50 |
| Black, Kenneth J. | (A) | 17.40 | 560 | 9,744.00 |
| Economou, Magdalene | (A) | 88.60 | 425 | 37,655.00 |
| Paralegals | | 31.80 | 275-350 | 9,825.00 |
| *TOTAL* | | *595.00* | | *$442,340.00* |

(P) Partner
(A) Associate

4814-1300-6064.v1

# EXHIBIT 2

**EXHIBIT 2**

**EXPENSE REPORT**

*In re Uxin Limited Securities Litigation*; Index No. 650427/2019
Robbins Geller Rudman & Dowd LLP
Inception through March 1, 2021

| CATEGORY | | AMOUNT |
|---|---|---|
| Filing and Other Fees | | $    762.60 |
| Transportation & Meals | | 149.20 |
| Court Transcript | | 330.00 |
| Photocopies | | 69.37 |
|    Outside | $ 68.62 | |
|    In-House Black and White (5 copies at $0.15 per page) | 0.75 | |
| Online Legal and Financial Research | | 2,459.72 |
| Litigation Fund Contribution | | 518.73 |
| Mediation Fees (JAMS, Inc.) | | 981.25 |
| *TOTAL* | | *$ 5,270.87* |

# EXHIBIT 3

**EXHIBIT 3**

**LITIGATION FUND CONTRIBUTION**

*In re Uxin Limited Securities Litigation*; Index No. 650427/2019
Robbins Geller Rudman & Dowd LLP

| *CONTRIBUTIONS TO LITIGATION FUND* | *AMOUNT* |
|---|---|
| Robbins Geller Rudman & Dowd LLP | $ 518.73 |
| Glancy Prongay & Murray LLP | 518.73 |
| Wolf Haldenstein Adler Freeman & Herz LLP | 518.74 |
| Hach Rose Schirripa & Cheverie LLP | 518.74 |
| *TOTAL CONTRIBUTIONS* | *$2,074.94* |

| *VENDORS PAID FROM LITIGATION FUND* | *AMOUNT* |
|---|---|
| Counsel Press, Inc.[2] | $ 2,014.45 |
| JAMS[3] | 60.49 |
| *TOTAL DISBURSEMENTS* | *$ 2,074.94* |

---

[2]   Counsel Press Inc. provided services to assist with formatting and filing the appellate briefing related to the appeal and cross-appeal of the partial denial of Defendants' motion to dismiss.

[3]   JAMS (Judicial Arbitration and Mediation Services, Inc.) is the world's largest private alternative dispute resolution (ADR) provider.  This total represents the balance due (prior payment was made directly from Robbins Geller Rudman & Dowd LLP on May 14, 2020).

4814-1300-6064.v1