# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK MACHNIEWICZ, individually and on behalf of all other similarly situated,<br><br>        Plaintiff,<br><br>      vs<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG), LIMITED,<br>        Defendants. | 19-cv-00822-MKB-VMS<br><br>Hon. Margo K. Brodie<br><br>Hon. Vera M. Scanlon |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019<br><br>Hon. Andrew Borrok<br><br>Commercial Division Part 53 |

**DECLARATION OF DANIELLA QUITT IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES FILED ON BEHALF OF GLANCY PRONGAY & MURRAY LLP**

I, Daniella Quitt, declare as follows:

1.        I am a member of the law firm of Glancy Prongay & Murray LLP.  My firm, along with Robbins Geller Rudman & Dowd LLP, Wolf Haldenstein Adler Freeman & Herz LLP, and Hach Rose Schirripa & Cheverie LLP,  served as Lead Counsel for the State Court Plaintiffs in the State Court Action.[1]  I submit this declaration in support of Plaintiffs' application for an award of attorneys' fees and expenses in connection with the Actions.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.        Glancy Prongay & Murray LLP, as State Court Lead Counsel, was involved in all aspects of the State Court Action and the Settlement.  Among other things, my firm performed the following services: researched, prepared, and filed the first complaint in the State Court; worked on the consolidated complaint; opposed motions to stay the State Court Action; researching and preparation of the briefs in opposition to the motions to dismiss and subsequent appeals and cross-appeals.  My firm also attended all in person and telephonic conferences with the State Court.  My firm assisted in the preparation of the class certification motion and the preparation of discovery demands to defendants and third parties, as well as preparing the responses to defendants' requests to discovery. My firm was integral to the settlement process, including preparation of the mediation statement, appearance at the mediation, and conducting subsequent negotiations following the mediation that led to the joint Settlement.  My firm also participated in the documenting of the Settlement and coordinated with counsel in the Federal Action in preparing the documents in final support of the Settlement.

---

[1]        Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement, dated April 1, 2021 (ECF No. 46).

1

3.      To avoid duplicating effort, State Court Lead Counsel worked collaboratively and cooperatively to allocate primary responsibility for tasks to specific firms.  The other firms then reviewed and edited the work, if, and as necessary.  I kept in regular contact with the partners from the other co-lead counsel throughout the litigation to ensure that the litigation was proceeding as efficiently as possible.

4.      I, along with other State Court Lead Counsel, also coordinated with Lead Counsel in the Federal Action to negotiate the Settlement with Defendants. Because of the automatic stay of proceedings in the Federal Action during the pendency of the Defendants' motion to dismiss the federal Complaint, no duplicative discovery or other proceedings took place between the Federal Action and State Action.

5.      The information in this declaration regarding the firm's time and expenses is taken from time and expense reports prepared and maintained by the firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and reviewed these reports and backup documentation where necessary or appropriate. The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation.  As a result of these reviews, reductions were made to both time and expenses in the exercise of "billing judgment" and I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought (both set forth below) are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.  No time expended on the application for fees and reimbursement of expenses has been included.

6.      The Lodestar Chart attached as Exhibit 1 summarizes the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of this litigation billed ten or more hours to the litigation, and the lodestar calculation for those individuals based on my firm's current billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.

7.      The hourly rates for the attorneys and professional support staff in my firm as shown in the Lodestar Chart are consistent with the rates approved by courts in other securities or shareholder litigation.

8.      The total number of hours reflected in  the Lodestar Chart is 558.10 hours.  The total lodestar reflected in the Lodestar Chart is $446,476.00 consisting of $418,490.00 for attorneys' time and $27,986.00 for professional support staff time.  My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9.      My firm's expenses in connection with the prosecution of the litigation are $5,400.86.  The firm will be compensated for those expenses solely from the amount awarded by the Court.  Those expenses are summarized in Exhibit 2.

10.      The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

11.      My firm's resume previously submitted to the Court as ECF No. 49.

3

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 25th day of June 2021 in New York, New York.

/s/Daniella Quitt
Daniella Quitt

**EXHIBIT 1**

**LODESTAR CHART**

**IN RE UXIN SECTION 11 LITIGATION**
**INCEPTION THROUGH JUNE 8, 2021**

| TIMEKEEPER/CASE | STATUS | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **ATTORNEYS:** | | | | |
| Robert Prongay | Partner | 25.90 | $850.00 | $22,015.00 |
| Daniella Quitt | Partner | 354.00 | $950.00 | $336,300.00 |
| Casey Sadler | Partner | 83.00 | $725.00 | $60,175.00 |
| **TOTAL ATTORNEY** | **TOTAL** | **462.90** | | **$418,490.00** |
| **PARALEGALS:** | | | | |
| Craig Lowther | Senior Paralegal | 75.60 | $295.00 | $22,302.00 |
| Glenn Mariano | Senior Paralegal | 19.60 | $290.00 | $5,684.00 |
| **TOTAL PARALEGAL** | **TOTAL** | **95.20** | | **$27,986.00** |
| **TOTAL LODESTAR** | **TOTAL** | **558.10** | | **$446,476.00** |

**EXHIBIT 2**

**EXPENSE CHART**

**IN RE UXIN SECITON 11 LITIGATION**
**INCEPTION THROUGH JUNE 8, 2021**

| ITEM | AMOUNT |
|------|-------:|
| COURT FILING FEES | $395.00 |
| LITIGATION FUNDS | $518.74 |
| MEDIATORS | $1,041.72 |
| ONLINE RESEARCH | $440.11 |
| PRESS RELEASES | $130.00 |
| SERVICE OF PROCESS | $1,382.10 |
| TELEPHONE | $104.72 |
| TRAVEL AIRFARE | $807.60 |
| TRAVEL AUTO | $210.87 |
| TRAVEL HOTEL | $350.00 |
| TRAVEL MEALS | $20.00 |
| **GRAND TOTAL** | **$5,400.86** |