# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK MACHNIEWICZ, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG), LIMITED,<br><br>Defendants. | 19-cv-00822-MKB-VMS<br><br>Hon. Margo K. Brodie<br><br>Hon. Vera M. Scanlon |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019<br><br>Hon. Andrew Borrok<br><br>Commercial Division Part 53 |

**DECLARATION OF MARK C. RIFKIN IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
LITIGATION EXPENSES FILED ON BEHALF OF
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

I, Mark C. Rifkin, declare as follows:

1.      I am a partner at Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein").  My firm, along with Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Glancy Prongay & Murray LLP ("Glancy"), and Hach Rose Schirripa & Cheverie LLP ("Hach Rose"), served as Lead Counsel for the State Court Plaintiffs in the State Court Action.[1]  I submit this declaration in support of Plaintiffs' application for an award of attorneys' fees, as well as litigation expenses incurred in connection with the Actions.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      Wolf Haldenstein, as one of the State Court Lead Counsel, was involved in all aspects of the State Court Action and the Settlement. Among other things, my firm performed the following services: research, drafting, and filing an original and amended complaint; drafting and responding to Defendants' motion to dismiss the complaint; arguing the motion to dismiss; preparing and propounding discovery on Defendants; reviewing Defendants' discovery responses; preparing Plaintiffs' responses to discovery from Defendants; negotiating the proposed settlement of the litigation; drafting and reviewing the motion for class certification; drafting and reviewing the settlement papers; and reviewing and editing the preliminary and final settlement approval papers.

3.      To avoid duplicating effort, co-lead counsel worked collaboratively and cooperatively to allocate primary responsibility for tasks to specific firms.  The other firms then reviewed and edited the work, if and as necessary.  I was in constant contact with the partners from

---

[1]      Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement, dated April 1, 2021 (ECF No. 46).

1

the other co-lead counsel throughout the litigation to ensure that the litigation was handled as efficiently as possible.

4.      We also coordinated with Lead Counsel in the Federal Action to negotiate the Settlement with Defendants. Because of the automatic stay of proceedings in the Federal Action during the pendency of the Defendants' motion to dismiss the federal Complaint, no duplicative discovery or other proceedings took place between the Federal Action and State Action.

5.      The below Lodestar Chart summarizes the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of this litigation billed ten or more hours to the litigation, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.

6.      I am the partner who oversaw or conducted the day-to-day activities in the litigation and I reviewed these daily time records in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the records as well as the necessity for, and reasonableness of, the time committed to the litigation. As a result of this review, I exercised my judgment to eliminate any time my firm expended that I considered unnecessarily duplicative, and thus made reductions to certain of my firm's time entries such that the time included in the Lodestar Chart reflect that exercise of billing judgment. Based on this review and the adjustments made, I believe that the time of my firm's attorneys and staff reflected in the Lodestar Chart was reasonable and necessary for the effective and efficient prosecution and resolution of this matter. No time expended on the application for fees and reimbursement of expenses has been included.

2

7.      The hourly rates for the attorneys and professional support staff in my firm as shown in the Lodestar Chart are consistent with the rates approved by courts in other securities or shareholder litigation.

8.      The total number of hours reflected in  the Lodestar Chart is 370.6 hours.  The total lodestar reflected in the Lodestar Chart is $189,487.00, consisting of $179,437.50 for attorneys' time and $10,049.50 for professional support staff time.

9.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

10.     As detailed in the below Expense Chart, my firm is seeking reimbursement of a total of $34,615.20 in expenses incurred in connection with the prosecution of this matter.

11.     The litigation expenses incurred are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.  The expenses reflected in the Expense Chart are the expenses actually incurred by my firm.

12.     A copy of my firm's resume appears in ECF No. 49-4 in this Court's docket.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed this 28th day of June 2021 in New York, New York.

_____
                    Mark C. Rifkin

3

**EXHIBIT 1**

**LODESTAR REPORT**

| TIMEKEEPER/CASE | STATUS | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **ATTORNEYS:** | | | | |
| Mark C. Rifkin | Partner | 102.3 | $975 | $99,742.50 |
| Kevin G. Cooper | Associate | 213.7 | $355 | $75,863.50 |
| Veronica Bosco | Associate | 22.7 | $345 | $3,831.50 |
| **TOTAL ATTORNEY** | | **338.7** | | **$179,437.50** |
| **PARAPROFESSIONALS:** | | | | |
| Gregory L. Stone | Financial Analyst | 4.0 | $475 | $1,900.00 |
| James Cirigliano | Senior Paralegal | 18.0 | $335 | $6,030.00 |
| Victoria Lepesant | Paralegal | 4.6 | $300 | $1,380.00 |
| Isidora Echeverria | Paralegal | 4.2 | $125 | $525.00 |
| Judah Weinerman | Paralegal | 1.1 | $195 | $214.50 |
| **TOTAL PARAPROFESSIONALS** | | **31.9** | | **$10,049.50** |
| **TOTAL LODESTAR** | | **370.6** | | **$189,487.00** |

4

**EXHIBIT 2**

**EXPENSE REPORT**

| ITEM | AMOUNT |
|---|---|
| COURT FILING FEES | $375.00 |
| EXPERTS DAMAGES | $24,091.25 |
| MEDIATORS | $2,051.87 |
| ONLINE RESEARCH | $6,476.94 |
| PHOTOCOPYING/IMAGING | $1,101.40 |
| LITIGATION FUND | $518.74 |
| **GRAND TOTAL** | **$34,615.20** |