# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK MACHNIEWICZ, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> vs <br><br> UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG), LIMITED, <br><br> Defendants. | 19-cv-00822-MKB-VMS <br><br> Hon. Margo K. Brodie <br><br> Hon. Vera M. Scanlon |

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK: COMMERCIAL DIVISION

| | |
|---|---|
| IN RE UXIN LIMITED SECURITIES LITIGATION | Index No. 650427/2019 <br><br> Hon. Andrew Borrok <br><br> Commercial Division Part 53 |

**DECLARATION OF FRANK R. SCHIRRIPA IN SUPPORT OF PLAINTIFFS'
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES FILED ON
BEHALF OF HACH ROSE SCHIRRIPA & CHEVERIE LLP**

I, Frank R. Schirripa, declare as follows:

1.    I am the managing partner at Hach Rose Schirripa & Cheverie LLP. My firm, along with Glancy Progay & Murray LLP, Robbins Geller Rudman & Dowd LLP and Wolf Haldenstein Alder Freeman & Herz LLP, served as Lead Counsel for the State Court Plaintiffs.[1]  I submit this declaration in support of Plaintiffs' application for an award of attorneys' fees and expenses in connection with the Actions. I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.    Hach Rose Schirripa & Cheverie LLP, as State Court Lead Counsel, was involved in all aspects of the State Court Action and the Settlement. Among other things, my firm performed the following services:

a.    investigated the underlying facts and developed the legal theories of the case; drafted the initial complaint; conducted extensive research regarding allegations in the complaint; participated in the drafting of the amended consolidated class action complaint; drafted and/or edited submissions to the court, including those concerning or relating to the motion to dismiss, the motion for class certification, the opposition to the motion to stay discovery, an appeal to the First Department and the motions for preliminary and final approval;

b.    engaged in extensive fact and expert discovery, including preparing and serving interrogatories and document requests; responding to Defendants' requests for production from Plaintiffs and reviewing and producing Plaintiffs' documents; responding to Defendants' interrogatories issues to Plaintiffs; issuing third parties subpoenas; meet and confer sessions with third parties; extensive communications with experts regarding damages;

---

[1]    Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement, dated April 1, 2021 (ECF No. 46).

1

c.      conducted settlement negotiations, which included participating in zoom mediation session and subsequent settlement negotiations with the mediator; participated in the development and drafting of the Settlement Agreement; and

d.      communicated with plaintiff regarding litigation strategy, updates on the litigation, settlement negotiations; and responded to inquiries from potential Class members throughout the litigation.

3.      To avoid duplicating effort, co-lead counsel worked collaboratively and cooperatively with the other lead counsel to allocate primary responsibility for tasks to specific firms. The other firms then reviewed and edited the work, if and as necessary. I was in constant contact with the partners from the other co-lead counsel throughout the litigation to ensure that the litigation was handled as efficiently as possible.

4.      We also coordinated with Lead Counsel in the Federal Action to negotiate the Settlement with Defendants. Because of the automatic stay of proceedings in the Federal Action during the pendency of the Defendants' motion to dismiss the federal Complaint, no duplicative discovery or other proceedings took place between the Federal Action and State Action.

5.      The information in this declaration regarding the firm's time and expenses is taken from time and expense reports prepared and maintained by the firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and reviewed these reports (and backup documentation where necessary or appropriate).  The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation.  As a result of these reviews, reductions were made to both time and expenses in the exercise of "billing judgment" and I believe that the time reflected in the firm's lodestar calculation and the expenses

2

for which payment is sought (both set forth below) are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace. No time expended on the application for fees and reimbursement of expenses has been included.

6. The Lodestar Chart attached as Exhibit 1 summarizes the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of this litigation billed ten or more hours to the litigation, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.

7. The hourly rates for the attorneys and professional support staff in my firm as shown in the Lodestar Chart are consistent with the rates approved by courts in other securities or shareholder litigation.

8. The total number of hours reflected in the Lodestar Chart is 434.5 hours. The total lodestar reflected in the Lodestar Chart is $333,015.00 for attorneys' time. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9. My firm's expenses in connection with the prosecution of the litigation are $4,761.89. The firm will be compensated for those expenses solely from the amount awarded by the Court. Those expenses are summarized in Exhibit 2.

3

10.     The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

11.     My firm's resume previously submitted to the Court as ECF No. 49-5.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed this 28th day of June 2021 in New York, New York.


*/s/ Frank R. Schirripa*
Frank R. Schirripa

4

**EXHIBIT 1**

**LODESTAR CHART**

| TIMEKEEPER/CASE | STATUS | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **ATTORNEYS:** | | | | |
| Frank R. Schirripa | Partner | 78.0 | $850.00 | $66,300.00 |
| Gregory Nespole | Partner | 33.5 | $850.00 | $28,475.00 |
| Kurt Hunciker | Senior Counsel | 231.0 | $800.00 | $184,800.00 |
| Seth Pavsner | Associate | 71.0 | $590.00 | $41,890.00 |
| Hillary Nappi | Associate | 21.0 | $550.00 | $11,550.00 |
| **TOTAL LODESTAR** | | **434.5** | | **$333,015.00** |

5

**EXHIBIT 2**

**EXPENSE CHART**

| ITEM | AMOUNT |
|---|---|
| COURIER & SPECIAL POSTAGE | $37.50 |
| COURT FILING FEES | $210.00 |
| MEDIATORS | $1,878.53 |
| ONLINE RESEARCH | $1,542.37 |
| PHOTOCOPYING/IMAGING | $278.25 |
| AUTOMOTIVE TRANSPORTATION | $93.00 |
| PROCESS SERVICE | $203.50 |
| LITIGATION FUND | $518.74 |
|  |  |
| **GRAND TOTAL** | **$4,761.89** |