**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated, | Case No: 1:19-cv-0822-MKB-VMS |
| Plaintiff, | |
| v. | CLASS ACTION |
| UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFFS**

Lead Plaintiff Saleh Doron Gahtan and Named Plaintiff Daniel Chiu ("Federal Court Plaintiffs"),[1] along with State Court Plaintiffs Adam Franchi, Raul Araujo, Lei Liang, and Mark Lee in the parallel State Court Action, on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions: (1) for final approval of the class action settlement (ECF No. 52); and (2) for an award of attorneys' fees and expenses, and awards to Plaintiffs (ECF No. 54). Plaintiffs also submit the Supplemental

---

[1]    Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation of Settlement dated April 1, 2021 (ECF No. 46).

Declaration of Patty L. Nogalski Concerning Notice Administration, dated August 31, 2021 ("Supp. Nogalski Decl."), filed herewith as Exhibit 1, in support of their motions.

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, request for attorneys' fees and expenses, and/or Plaintiffs' awards, was July 12, 2021. To date, not a single objection has been filed (timely or otherwise). Supp. Nogalski Decl. at ¶¶6-7. There have also been no requests for exclusion from any Settlement Class Member. *Id.*

The reaction of the Settlement Class strongly supports approval of the Settlement and the requested attorneys' fees, expenses, and awards to Plaintiffs. Accordingly, it is respectfully requested that the Court enter the [Proposed] Order and Final Judgment (ECF No. 56-8).

## I. The Lack of Objections Supports Final Approval

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement despite 20 objectors appearing out of 14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005); *see also In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at \*16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

Here, the Claims Administrator completed a robust, Court-approved notice program that included: mailing more than 40,000 Notice Packets to identifiable potential Settlement Class Members, mailing nearly 5,000 Notice Packets to Nominee Account Holders and Institutional Groups, disseminating the Summary Notice electronically over *PR Newswire,* and establishing a

dedicated settlement website at www.UxinSecuritiesSettlement.com where potential Settlement Class Members may access the Notice Packet  and file claims. Supp. Nogalski Decl. at ¶3; Declaration of Patty L. Nogalski Regarding (A) Mailing of the Notice and Claim Form; (b) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date, dated June 28, 2021 (ECF No. 56-1) at ¶¶ 4, 9, 11.  To date, no Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested awards to Plaintiffs. Supp. Nogalski Decl. at ¶7.

The lack of objections also supports awarding the requested attorneys' fees and expenses, the maximum amounts of which were included in the Notice.  *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *see also In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness).

Finally, the lack of any objections to the requested awards to Plaintiffs also supports approval of the request. *See, e.g.*, *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 184 (S.D.N.Y. 2014) (awarding lead plaintiffs' request for reimbursement of their costs and expenses where class members were provided notice and did not object).

## II.      The Lack of Requests for Exclusions Supports Final Approval

 The deadline to opt out of the Settlement Class was July 12, 2021. To date, the Claims Administrator has not received any requests for exclusions from the Settlement Class. Supp. Nogalski Decl. at ¶ 6.

The lack of opt-outs from Settlement Class Members also strongly supports final approval. *See Luxottica*, 233 F.R.D. at 312  (no requests for exclusion from settlement "strongly supports

3

approval of the settlement"); *see also Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.").

## **CONCLUSION**

For the reasons stated herein and in Plaintiffs' previous submissions, Plaintiffs respectfully submit that the Court should enter the [Proposed] Order and Final Judgment (ECF No. 56-8).

Dated: August 31, 2021

Respectfully submitted,

*/s/ Laurence M. Rosen*
Laurence M. Rosen
(lrosen@rosenlegal.com)
Phillip Kim
(pkim@rosenlegal.com)
Yu Shi
(yshi@rosenlegal.com)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060

*Lead Counsel for Plaintiffs Saleh Doron Gahtan, Daniel Chiu and the Proposed Settlement Class in the Federal Court Action*

Brian Schall
(brian@schallfirm.com)
THE SCHALL LAW FIRM
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel to Plaintiffs Saleh Doron Gahtan, Daniel Chiu and the Proposed Settlement Class in the Federal Action*

-and-

Samuel Rudman
(srudman@rgrdlaw.com)

4

Michael G. Capeci
(mcapeci@rgrdlaw.com)
Magdalene Economou
(meconomou@rgrdlaw.com)
ROBBINS   GELLER   RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Tel.: (631) 367-7100

*Counsel for the Proposed Settlement Class in the State Court Action*

Casey Sadler
(csadler@glancylaw.com)
GLANCY PRONGAY & MURRAY
LLP
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Tel: (310) 201-9150

Daniella Quitt
(dquitt@glancylaw.com)
GLANCY PRONGAY & MURRAY
LLP
712 Fifth Avenue, 31st Floor
New York, NY  10019
Tel: (212) 935-7400

*Counsel for Plaintiff Mark Lee and the Proposed Settlement Class in the State Court Action*

Mark Rifkin
(rifkin@whafh.com)
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY  10016
Tel: (212) 545-4600
Fax: (212) 686-0114

*Counsel for Plaintiff Lei Liang and the Proposed Settlement Class in the State Court Action*

Frank R. Schirripa

5

(fschirripa@hrsclaw.com
Kurt Hunciker
(khunciker@hrsclaw.com)
Seth M. Pavsner
(spavsner@hrsclaw.com)
HACH      ROSE      SCHIRRIPA
  & CHEVERIE LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: (212) 213-8311
Fax: (212) 779-0028

*Counsel for Plaintiff Adam Franchi
and the Proposed Settlement Class in
the State Court Action*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

> */s/ Laurence Rosen*
> Laurence Rosen