`

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK MACHNIEWICZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UXIN LIMITED, KUN DAI, ZHEN ZENG, RONG LU, JULIAN CHENG, DOU SHEN, HAINAN TAN, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., J.P. MORGAN SECURITIES LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, and CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED,<br><br>Defendants. | Case No: 1:19-cv-0822-MKB-VMS<br><br><u>CLASS ACTION</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED**
**MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

## I.    INTRODUCTION

On April 22, 2021, the Court entered the Order Granting Plaintiff's Unopposed Motion for Preliminarily Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 51).

On September 8, 2021, the Court entered the Order and Final Judgment ("Final Judgment") (ECF No. 61).

The Court-appointed Claims Administrator,[1] A.B. Data, Ltd. ("A.B. Data"), has advised Plaintiffs' Counsel that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons and entities who responded to the Notice Packet and has determined which of those persons and entities are Authorized Claimants. *See* Declaration of Patty L. Nogalski on Behalf of A.B. Data, Ltd. in Support of Plaintiffs' Motion for Distribution of Class Action Settlement Fund ("Nogalski Decl.") at ¶4.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Thus Plaintiffs, by and through Class Counsel, request that the Court authorize the distribution of the Net Settlement Amount to the Authorized Claimants.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, all Claims were to be submitted to the Claims Administrator, online or postmarked no later than August 11, 2021. Preliminary Approval Order ¶14. As of February 28, 2022, A.B. Data received and fully processed 2,848 claims. Nogalski Decl. ¶5.

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation of Settlement dated April 1, 2021 (the "Stipulation") (ECF No. 46).

1

### A.      Properly Documented Claims

A.B. Data identified 1,314 properly-documented claims that were received on or before August 11, 2021. Nogalski Decl. ¶33. These valid and timely claims represent total Recognized Losses of $78,062,396.64. *Id.* AB Data also received 78 properly-documented claims after August 11, 2021 but before February 28, 2022. Nogalski Decl. ¶34. These late but otherwise eligible claims represent total Recognized Losses of $9,610,593.76. *Id.* To enable as many Settlement Class Members as possible to participate, Plaintiffs respectfully request that the Court accept these otherwise valid claims received after the August 11, 2021 deadline but before February 28, 2022, because none has caused a delay to the distribution of the Net Settlement Fund, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully requests that the Court approve the 1,392 properly-documented claims as listed in Exhibits E and F of the Nogalski Decl.[2]

---

[2] These properly-documented claims include claims that were initially deficient, but which were later cured after given an opportunity to provide the information required to correct the defect. Nogalski Decl. ¶¶17-24.

### B.    Ineligible Claims

A.B. Data identified 1,456 claims that it has recommended for rejection. Nogalski Decl. ¶35. Included in this category are: (a) 89 claims with no purchases of Uxin ADSs during the Settlement Class Period; (b) 1,251 claims that had no Recognized Losses pursuant to the Court-approved Plan of Allocation; (c) 56 claims that were duplicates of other submitted claims; (d) 1 claim that was withdrawn; and (e) 59 claims that were deficient and remained uncured. *Id.*  The claims that A.B. Data has recommended for rejection are listed in Exhibit G of the Nogalski Decl.

Each of these claimants were notified of A.B. Data's determination of ineligibility. ¶25. Two claimants disputed A.B. Data's determination and requested Court review. ¶26. One claimant's dispute was resolved, resulting in the claimant withdrawing their request for Court review. *Id.* As to the second claimant, the trading records provided shows that this claimant did not have a Recognized Loss as calculated under the Plan of Allocation; in fact, this claimant had an overall gain from their transactions in Uxin ADSs. *Id.* The claimant's transaction information and communications with A.B. Data are attached as Exhibit D to the Nogalski Decl.

## III.    DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more (the "Initial Distribution"). Nogalski Decl. ¶37.  Based on the substantial experience of Plaintiffs' Counsel and A.B. Data in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid claims will not be cashed promptly.  To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Plaintiffs' Counsel and A.B. Data propose that all

3

the distribution checks bear a notation "DEPOSIT PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION." *Id.*

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are received a distribution from the Net Settlement Fund to cash their distribution checks. If, however, after nine (9) months any funds remain in the Net Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a redistribution if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so. As part of the redistribution, any amounts remaining in the Net Settlement Fund after the Initial Distribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, will be distributed to all Authorized Claimants who cashed their distribution checks from the Initial Distribution and would receive at least $10.00 from the second distribution. *Id.*

Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. *Id.* At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust, a non-sectarian, nonprofit organization dedicated to investor education. *Id.* Similar distribution plans, including the selection of the Investor Protection Trust as a *cy pres* recipient, have been repeatedly approved by courts in other securities class actions. *See e.g.*, *In re Patriot National, Inc. Sec. Litig,*, 2021 WL 1040462, at *1-2 (S.D.N.Y. Mar. 18, 2021); *In re Forterra Inc. Sec. Litig.*, 2021 WL 3464255, at *1-2 (N.D. Tex. Aug. 4, 2021).

## IV.    RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully requests the Court to release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Plaintiffs' Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to the terms of the Distribution Order.  *See In re Patriot National*, 2021 WL 1040462, at *2; *In re Merrill Lynch & Co., Inc. Sec., Derivative and ERISA Litig.*, 2010 WL 11595033 at *2 (S.D.N.Y. Dec. 23, 2010).[3]

## V.    RECORDS RETENTION AND DESTRUCTION

Plaintiffs respectfully requests the Court order that: (a) in no less than one (1) year after the Initial Distribution, the Claims Administrator may destroy the paper copies of the Claims and

---

[3] *See also In re Miva, Inc.*, 2015 WL 12834962, at *2 (M.D. Fla. Sept. 23, 2015); *In re Friedman's, Inc. Sec. Litig.*, 2009 WL 10671836, at *2 (N.D. Ga. July 23, 2009).

all supporting documentation; and (b) in no less than one (1) year after all funds have been distributed from the Net Settlement Fund, the Claims Administrator may destroy electronic copies of all Claims and supporting documentation.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter the Class Distribution Order submitted herewith, so that Settlement Class Members who submitted valid claims may receive their *pro rata* share of the Net Settlement Fund.

Dated: March 15, 2022

Respectfully submitted,

*/s/ Laurence M. Rosen*
Laurence M. Rosen
(lrosen@rosenlegal.com)
Phillip Kim
(pkim@rosenlegal.com)
Yu Shi
(yshi@rosenlegal.com)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060

*Counsel for Federal Court Plaintiffs Saleh Doron Gahtan, Daniel Chiu and the Settlement Class*

-and-

Samuel Rudman
(srudman@rgrdlaw.com)
Michael G. Capeci
(mcapeci@rgrdlaw.com)
Magdalene Economou
(meconomou@rgrdlaw.com)
ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Tel.: (631) 367-7100

*Counsel for the State Court Plaintiffs and the Settlement Class*

Casey Sadler
(csadler@glancylaw.com)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Tel: (310) 201-9150

Daniella Quitt
(dquitt@glancylaw.com)
GLANCY PRONGAY & MURRAY LLP
745 Fifth Avenue, 5th Floor
New York, NY  10019
Tel: (212) 935-7400

*Counsel for State Court Plaintiff Mark Lee and the Settlement Class*

Mark Rifkin
(rifkin@whafh.com)
WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY  10016
Tel: (212) 545-4600
Fax: (212) 686-0114

*Counsel for State Court Plaintiff Lei Liang and the Settlement Class*

Frank R. Schirripa
(fschirripa@hrsclaw.com
Kurt Hunciker
(khunciker@hrsclaw.com)
Seth M. Pavsner
(spavsner@hrsclaw.com)
HACH ROSE SCHIRRIPA
    & CHEVERIE LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: (212) 213-8311
Fax: (212) 779-0028

*Counsel for State Court Plaintiff Adam Franchi and the Settlement Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Laurence Rosen*
Laurence Rosen